Thomas Jeffrey TACKETT v.
STATE of Arkansas

CR 84-179                                     680 S.W.2d 696

Supreme Court of Arkansas
Opinion delivered December 10, 1984

212

Appellant, *pro se.*

*Steve Clark,* Att'y Gen., by: *Jack Gillean,* Asst. Att'y Gen., for appellee

PER CURIAM. Petitioner Thomas Jeffrey Tackett was found guilty by a jury of manslaughter and leaving the scene of a personal injury accident. He was sentenced to a term of eight years imprisonment in the Arkansas Department of Correction. He appealed the manslaughter conviction. The Court of Appeals affirmed. *Tackett* v. *State,* 12 Ark. App. 57, 670 S.W.2d 824 (1984). Petitioner now seeks permission to proceed in circuit court for postconviction relief pursuant to A.R.Cr.P. Rule 37 on the ground of ineffective assistance of counsel.

Petitioner first alleges that counsel did not adequately investigate the circumstances of the automobile accident which led to his conviction for manslaughter. The record indicates that counsel called the petitioner and four other witnesses in an attempt to establish that petitioner was not at fault in the accident. Counsel also cross-examined the State's witnesses at length on the State's version of how the accident occurred. Although petitioner contends that counsel should have investigated the crime scene, he does not explain what helpful information such an investigation would have revealed. Counsel has "a duty to make reasonable investi-

gations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland* v. *Washington,* ___ U.S. ___ , 104 S. Ct. 2052, (1984). Even if counsel did not visit the scene of the accident, his decision not to do so must be assessed for reasonableness based on all the circumstances, applying a heavy measure a deference to counsel's judgments. *Strickland* v. *Washington.* Since petitioner has not demonstrated that counsel failed to develop any specific element of the defense, we find no basis for a finding of incompetence.

Petitioner next contends that several witnesses could have been called to testify that the victims whose car went off the road had been to a beer party and were using drugs before on the day of the accident. He also contends that there were two witnesses who could have testified that one of the victims caused the accident by jumping from the back seat to the front seat of the car.

It is well settled that the decision to call certain witnesses and reject other potential witnesses is largely a matter of trial strategy. Counsel must use his own best judgment to determine which witnesses will be beneficial to his client. *See Hayes* v. *State,* 280 Ark. 509, 660 S.W. 2d 648 (1983). It is possible that another attorney might have attempted, and perhaps succeeded, in having the testimony of the witnesses admitted into evidence, but petitioner has not established that counsel's decision prejudiced him or amounted to more than a tactical decision.

Petitioner's final allegation concerns a statement made by venireman Owens during voir dire. The following exchange occurred between counsel and Mr. Owens:

State: Mr. Owens, have you heard the questions I have asked these other jurors?

Juror: Yeah.

State: Would your answer be similar to theirs?

Juror: No.

State:   Okay. Thank you, sir. Pass.

Counsel for Petitioner:   Pass him back.

State:   One moment, Your Honor. Good, Your Honor.

Counsel for Petitioner:   He's good.

The Court:   Take a seat in the jury box.

Petitioner argues that the juror's answers indicated that he was not willing to abide by the Court's instructions, but the record is silent as to what Mr. Owens was referring when he said, "No." A reading of the complete voir dire reveals that the routine questions of the prosecutor were sometimes framed, "would your answers be the same" and at other times, "would your answers be different." After listening to a number of other people answer, it is not unlikely that Mr. Owens simply misunderstood the question. In any event, petitioner has failed to show that he suffered any actual prejudice from Owens' presence on the jury. To prevail on an allegation of ineffective assistance of counsel with regard to jury selection a petitioner first has the heavy burden of overcoming the presumption that jurors are unbiased. *Urquhart* v. *State,* 275 Ark. 486, 631 S.W.2d 304 (1982). To accomplish this, a petition must demonstrate actual bias. *Jeffers* v. *State,* 280 Ark. 458, 658 S.W.2d 869 (1983). Moreover, the actual bias must have been sufficient to prejudice the petitioner to the degree that he was denied a fair trial. Although the record would be clearer with regard to Mr. Owens' position if counsel had questioned him further, counsel was in a position to assess the juror's demeanor and weigh his suitability as a juror. As petitioner has not shown that he was actually prejudiced by counsel's conduct to the point that he was denied a fair adjudication of his guilt, we cannot say that counsel was ineffective. *See Strickland* v. *Washington,* ___ U.S. ___ , 104 S. Ct. 2052 (1984).

Petition denied.