Norman RAWLINGS *v.* STATE of Arkansas

CR 84-152                                   683 S.W.2d 223

Supreme Court of Arkansas
Opinion delivered January 28, 1985

*Highsmith, Gregg, Hart, Farris & Rutledge,* by: *Keith Rutledge,* for appellant.

*Steve Clark,* Att'y Gen., by: *Alice Ann Burns,* Dep. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. This is another in a series of DWI appeals testing provisions of Act 549 of 1983.

The appellant was convicted in municipal court of his third offense of driving while intoxicated. He appealed the conviction to circuit court where a jury found him guilty of DWI, third offense. The appellant was sentenced to five months in the county jail; ordered to pay a $1,000.00 fine; and his driver's license was suspended indefinitely. This appeal from that order is before us under Sup. Ct. R. 29(1)(c).

The appellant raises two points on appeal. His first contention is that Act 549 is void for vagueness and therefore unconstitutional. The appellant maintains that the act does not furnish a sufficiently ascertainable standard of guilt and is therefore violative of due process, and that a constitutionally forbidden irrebuttable presumption is created.

These same constitutional questions have been raised in other cases challenging Act 549 and we have upheld the constitutionality of the act. *See Sparrow* v. *State,* 284 Ark. 396, 683 S.W.2d 218 (1985); *Steele* v. *State,* 284 Ark. 340, 681 S.W.2d 354 (1984); *Spicer* v. *City of Fayetteville,* 284 Ark. 315, 681 S.W.2d 369 (1984); *Long* v. *State,* 284 Ark. 21, 680 S.W.2d 686 (1984); and *Lovell* v. *State,* 283 Ark. 425, 678 S.W.2d 318 (1984) *(supplemental opinion on denial of rehearing,* December 21, 1984).

For his second assignment of error, the appellant states the judgment entered by the circuit court was erroneous in two respects.

First, he contends it was contrary to Ark. Stat. Ann. § 75-2506 (Supp. 1983) which provides:

Upon finding of guilt or a plea of guilty or nolo contendere for violating Section 3 [§ 75-2503] of the Act, the Court shall immediately request and the Highway Safety Program or its designee shall provide a

presentence screening and assessment report of the defendant. The presentence report shall be provided within thirty (30) days of the request, and the court shall not pronounce sentence until receipt of the presentence report. The report shall include but not be limited to the offender's driving record, alcohol related criminal record, an alcohol problem assessment, and a victim impact statement where applicable.

The jury was instructed to ascertain punishment at the same time they determined guilt and there is no indication in the record that a presentence report was furnished to the court prior to pronouncement of sentence. Although the statute is cast in mandatory terms, the record reflects that no objection was made at the time of sentencing to the lack of a presentence report. We do not consider questions raised for the first time on appeal. *State* v. *Brown*, 283 Ark. 304, 675 S.W.2d 822 (1984).

Second, the appellant contends the judgment was erroneous as to the court's indefinite suspension of his driver's license.

Arkansas Stat. Ann. § 75-2511 (Supp. 1983) provides that upon conviction of DWI, the court shall transmit the operator's license to the Office of Driver Services and instruct them to suspend the license:

for at least two [2] years for the third offense within three [3] years of the first offense; and revocation for the fourth or subsequent offense occurring within a three [3] year period of the first offense. Revocation shall continue until and unless a three [3] year period has transpired during which the person has not been cited for any moving traffic offense or violation.

The appellant maintains that the statute does not provide for an "indefinite suspension" as ordered by the judge. We agree, and since the statute orders a two year suspension for a third offense of DWI we modify the trial court's judgment to a two year suspension rather than an indefinite suspension of appellant's driver's license. *See* Ark.

Stat. Ann. § 27-2144 (Repl. 1979); *Ellis* v. *State,* 270 Ark. 243, 603 S.W.2d 891 (1980).

The argument is also made by the appellant that § 75-2511 is vague in that it does not provide for a maximum penalty. We do not consider this issue on appeal however, because of the appellant's failure to make convincing argument or cite any authority for the proposition. *Dixon* v. *State,* 260 Ark. 857, 545 S.W.2d 606 (1977).

Affirmed as Modified.