Winston Randolph BLAIR *v.* STATE of Arkansas

CR 86-57                                                    716 S.W.2d 197

Supreme Court of Arkansas
Opinion delivered September 22, 1986
[Rehearing denied November 17, 1986.]

*Bob Keeter* and *J. Brent Standridge*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joel O. Huggins*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. In August, 1967, the appellant, Winston Randolph Blair, was convicted of first degree murder and sentenced to life imprisonment. After entry of the judgment two motions were filed for an extension of time to prepare the trial transcript. These motions were granted but no further action was taken and the appeal was never completed.

In the last seventeen years appellant has made several attempts to seek post-conviction relief. This appeal of the denial of a Rule 37 petition is the latest in a series of petitions and motions, and the fourth Rule 37 petition appellant has brought.

In 1970, appellant sought a writ of habeas corpus contending he had made statements to the police without benefit of counsel and that he had diminished capacity at trial. The petition, treated as a Rule 1 petition (the forerunner of Rule 37) was denied. In 1973, a second Rule 1 petition was filed and it, too, was denied.

Appellant appealed to this court from that denial requesting a belated appeal from his 1970 Rule 1 petition. He argued that the trial court had failed to notify him of its denial of the writ. In an unpublished per curiam, dated October 22, 1973, we held a petitioner is limited except in extraordinary circumstances to one petition for post-conviction relief and that all available grounds must be alleged. We found appellant was not entitled to a belated appeal of his first petition as he had not shown that he sought any action or asserted any lack of notice during the two years following the filing of his first petition.

A third petition in 1974 was denied. Appellant now brings this appeal from the denial of his fourth petition. He argues ineffective assistance of counsel and the right to a direct appeal from his original conviction. He is not entitled to relief. Issues which could have been raised on appeal or in the original petition for post-conviction relief but were not must be considered waived. *Collins* v. *State*, 280 Ark. 312, 657 S.W.2d 546 (1983); *Ruiz and Denton* v. *State*, 280 Ark. 190, 655 S.W.2d 628 (1983); A.R.Cr.P. Rule 37.2 (formerly Rule 1, see our Per Curiam Order, 239 Ark. 850a (1965).) The issues raised in this petition were not raised in appellant's original petition. Any error in the proceeding by the trial court in reviewing the original petition was by way of appeal. Appellant did not make a timely appeal of that denial and a belated appeal of that order was denied by this court thirteen years ago.

We note additionally that this petition was not filed within three years from the date of commitment, nor did it raise any issues that would render the conviction void. See A.R.Cr.P. Rule 37.2(c); *Scott* v. *State*, 267 Ark. 536, 592 S.W.2d 122 (1980).

The order is affirmed.