James WHITE *v.* STATE of Arkansas

CR 86-128                                            716 S.W.2d 203

Supreme Court of Arkansas
Opinion delivered September 29, 1986

*James Smedley*, for appellant.

No response.

PER CURIAM. The appellant was convicted in the Union County Circuit Court of first degree murder and sentenced to ten years imprisonment. He appealed to the Arkansas Court of Appeals and that court affirmed his conviction on January 3, 1985 in an unpublished opinion (CA-CR-84-122). The appellant then filed a petition for rehearing, which was denied. Appellant now seeks permission to proceed with a Rule 37 petition in Union County Circuit Court.

In support of his petition, appellant claims the trial court erred by refusing to permit him to introduce relevant evidence concerning a weapon used by the victim; not granting appellant's motion for directed verdict; refusing to give a requested jury instruction; refusing to allow appellant's attorney to question a material witness about statements made by an eyewitness immediately after the shooting; admitting appellant's confession into evidence; and allowing appellant's wife to testify against him in violation of the marital privilege protecting confidential communications.

The petition is denied. Rule 37 affords a remedy when the sentence in a case was imposed in violation of the Constitution of the United States or this state or is otherwise subject to

collateral attack. Rule 37.1; *Swisher* v. *State*, 257 Ark. 24, 514 S.W.2d 218 (1974). Rule 37 was not intended to provide a method for the review of error in the conduct of the trial or to serve as a substitute for raising issues at trial or on the record on direct appeal. *Swindler* v. *State*, 272 Ark. 340, 617 S.W.2d 1 (1981). Even questions of constitutional dimension are waived if not advanced in accordance with controlling rules of procedure, unless they present a question so fundamental as to render the judgment of conviction void. *Collins* v. *State*, 271 Ark. 825, 611 S.W.2d 182 (1981).

Here, all of petitioner's grounds for relief could have been argued at the trial and on the record on appeal and none present a question so fundamental as to render the judgment void. Accordingly, he is not entitled to proceed with a petition for Rule 37 relief.

Petition denied.