Leo Morris HENDRIX *v.* STATE of Arkansas

CR 86-164                                     722 S.W.2d 596

Supreme Court of Arkansas
Opinion delivered January 26, 1987

*Hankins & Childers*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. On May 6, 1983, in Clark County Circuit Court, appellant pled guilty to and was sentenced on two charges: theft of property and burglary. For theft of property, he received a six-year term of imprisonment; for burglary, he received another six-year term to run consecutively to the theft. The court then ordered that execution of the sentence of the burglary term be suspended, and it then placed appellant on probation for six years.

Appellant was paroled in February 1985 after serving approximately twenty-one months of his sentence for theft, and eleven months later, on January 20, 1986, his probation on the burglary conviction was revoked. He was sentenced to serve a six-year term of imprisonment.

Appellant filed a Rule 37 petition in April 1986, contending that it was illegal, under Ark. Stat. Ann. § 41-1206(2) (Repl. 1977), to run his probation on the burglary charge consecutively to the term of imprisonment he received on the theft charge. Appellant also argued that he should be given credit for the eleven months between when he was released on parole and when his probation was revoked. While the trial court rejected appellant's first point, it did give appellant credit for the eleven months, reducing his six-year burglary sentence to five years and one month.

On appeal, appellant renews his argument that his probation term for burglary was illegal because it was made to run consecutively to the term of imprisonment on the theft conviction. The State responds that the appellant failed to object to his sentence at the sentence hearing or on direct appeal, but we have held that such an issue is the proper subject matter for a Rule 37 petition. *Hoffman* v. *State*, 289 Ark. 184, 188, 711 S.W.2d 151, 153 (1986).

We agree with appellant that the court erred in running his probation consecutively to his term of imprisonment. The pertinent statute, Ark. Stat. Ann. § 41-1206(2) (Repl. 1977) provides:

> Multiple periods of suspension or probation, whether imposed at the same or different times, shall run concur-

rently. The period of a suspension or probation shall also run concurrently with any federal or state term of imprisonment or parole to which the defendant is or becomes subject during the period.

The commentary states that § 41-1206(2) prevents the stacking of periods of suspension or probation: "The second sentence provides that a person subject to suspension or probation and imprisonment satisfies both by serving the imprisonment." It goes on to say that

occasionally a court will suspend or probate a defendant who has other charges pending against him or who has already been sentenced to imprisonment for another offense. In either case, subsection (2) runs the suspension or probation concurrently with the imprisonment.

The language of the statute read with the commentary is clear: appellant's two sentences, imposed contemporaneously, should have been made to run concurrently. If they had been, appellant, in addition to the eleven-month credit he was given by the trial court on his Rule 37 petition below, would have received credit for the twenty-one months he spent in prison, from May 1983 to February 1985.

In keeping with the requirements of § 41-1206(2), we are compelled to modify appellant's original six-year term by reducing it to three years, four months, rather than the five years, one month fixed by the trial court. *See Rawlings* v. *State*, 284 Ark. 446, 683 S.W.2d 223 (1985).

In conclusion, we note appellant argues the trial court erred in the manner by which it entered appellant's two sentences. He concedes this issue was not raised below in his original petition. As we said in *Blair* v. *State*, 290 Ark. 22, 716 S.W.2d 197 (1986), issues not raised below in his petition for post-conviction relief are considered waived on appeal.

Affirmed as modified.