Robert TROUTT *v.* STATE of Arkansas

CR 84-162 729 S.W.2d 139

Supreme Court of Arkansas
Opinion delivered May 11, 1987

194

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. Petitioner Robert Troutt was found guilty by a jury of battery in the first degree and sentenced to twelve years imprisonment and a fine of $15,000. The Court of Appeals affirmed. *Troutt* v. *State*, CA CR 83-182 (Sept. 15, 1984), reh'g denied (Oct. 3, 1984), review denied (Oct. 15, 1984). Petitioner subsequently filed a *pro se* petition for writ of error coram nobis in this court which was denied. *Troutt* v. *State*, CR 84-612 (May 12, 1986). He has now filed a petition for postconviction relief pursuant to Criminal Procedure Rule 37, alleging that errors were committed in his trial and that he was afforded ineffective assistance of counsel both at trial and on appeal. We find no basis on which to grant the petition.

 Much of the instant petition is taken up with assertions that the trial court erred when it denied petitioner's motion for new trial. The issue is clearly one which could have been raised on appeal. When an issue could have been raised on appeal in accordance with the controlling rules of procedure, it is not a basis for collateral attack on the conviction under Rule 37, unless it presents a question so fundamental as to render the judgment of

conviction absolutely void. *Swindler* v. *State*, 272 Ark. 340, 617 S.W.2d 1 (1981). A ground sufficient to void a conviction is one so basic that the judgment is a complete nullity. *Travis* v. *State*, 286 Ark. 26, 688 S.W.2d 935 (1985). Here, the trial court's decision to deny appellant's motion for new trial does not present an issue sufficient to render his conviction void.

Petitioner contends that there was misconduct on the part of the prosecution in that the prosecutor did not provide the defense with an address for witness Sieburn McArthur so that counsel could interview McArthur before trial. In a related allegation, petitioner contends that counsel was ineffective for failure to locate and interview McArthur.

Petitioner alludes to no proof that the prosecution deliberately concealed McArthur's whereabouts and fails to offer any facts to demonstrate that he suffered any actual prejudice by the lack of a pretrial interview with McArthur. To establish that counsel was ineffective, a petitioner must show that counsel's performance was deficient in that counsel made an error so serious that he was not functioning as the "counsel" guaranteed by the sixth amendment. In addition, the deficient performance must have resulted in prejudice so pronounced as to have deprived petitioner of a fair trial whose outcome cannot be relied on as just. Both showings are necessary before it can be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Strickland* v. *Washington*, 466 U.S. 668 (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland* v. *Washington, supra; Pruett* v. *State*, 287 Ark. 124, 697 S.W.2d 872 (1985). Petitioner has not shown that the outcome of his trial was affected by counsel's failure to interview Sieburn McArthur.

Petitioner next alleges that the attorneys who represented him at trial did not appear at the hearing on his motion for new trial but rather permitted William Wharton, one of their associates, to appear in their behalf. He goes on to allege that it could have been established at the hearing that Sieburn McArthur was mentally incompetent to testify at trial. It is not clear whether petitioner is alleging that Wharton was ineffective or that the trial court should have been persuaded by the evidence to

grant a new trial. In any event, the court heard testimony at the hearing on whether McArthur was under the care of a psychiatrist and incompetent to testify. The court concluded that there was no ground to grant a new trial, and petitioner has not demonstrated that there was any evidence which could have been presented to the court which would have affected the outcome of the proceeding. If petitioner is alleging that he was somehow prejudiced by the absence of the two attorneys who represented him at trial, he has offered no factual basis for the conclusion. The purpose of Rule 37 is not to debate the possible effect of counsel's conduct but to provide a remedy when a petitioner has suffered actual prejudice. *Brents* v. *State*, 285 Ark. 199, 686 S.W.2d 395 (1985). The burden is on the petitioner to provide facts to support his claims of prejudice. *Jones* v. *State*, 283 Ark. 363, 767 S.W.2d 738 (1984).

Petitioner's final allegations concern counsel's representation of him on appeal. Initially, he states that counsel did not follow through on the appeal. Petitioner apparently has reference to the fact that counsel had to obtain permission from this court to lodge the record late. But since the record was ultimately lodged and petitioner had his appeal, he could have suffered no prejudice from counsel's action.

The sole point for reversal raised by counsel on appeal was whether the trial court erred in refusing to declare Sieburn McArthur an accomplice as a matter of law. The court found no error and cited the case of *Robinson* v. *State*, 11 Ark. App. 18, 665 S.W.2d 890 (1984), as a case which stated the law applicable to the point raised by petitioner. Petitioner states that his attorney was ineffective because he did not inform him that the Court of Appeals in the *Robinson* case had already ruled against his only point for reversal. Of course, while the *Robinson* case stated the applicable law, that law had not been applied to the facts in petitioner's case. How petitioner could have been prejudiced by counsel's failure to inform him of the *Robinson* ruling is neither stated nor apparent.

Petitioner also contends that counsel on appeal should have argued that petitioner was denied effective assistance of counsel at trial and that the trial court erred in not granting a motion for change of venue. While the sixth amendment guaran-

tee of effective assistance of counsel extends to a first appeal, *Evitts* v. *Lucey*, 469 U.S. 387 (1985), the United States Supreme Court has not yet stated the criteria for determining the effectiveness of an attorney on appeal. The court has held, however, that counsel is not required to raise every nonfrivolous issue possible. *Jones* v. *Barnes*, 463 U.S. 745 (1983). The hallmark of effective appellate advocacy is the process of assessing arguments and focusing on those likely to prevail. *Jones* v. *Barnes, supra; see also Smith* v. *Murray*, 477 U.S. ___, 106 S. Ct. 2661 (1986). When assessing whether a particular issue should be advanced on appeal, counsel must weigh the strength of the legal basis for it and the factual support for the legal argument which was entered into evidence in the trial court. If counsel elects to omit an issue which could have been raised on appeal and the convicted defendant later claims under Rule 37 that the attorney was ineffective for failing to argue it, the petitioner must demonstrate that counsel's decision amounted to an error of such magnitude that it rendered counsel's performance constitutionally deficient under the test of *Strickland* v. *Washington, supra.* The burden is on the petitioner to state facts in the Rule 37 petition to establish that counsel's performance was deficient. In determining whether counsel was effective on appeal, we consider only what was included in the record and the prevailing legal authority at the time counsel made his decision about whether to argue the particular point on appeal. If a petitioner under Rule 37 contends that counsel should have raised an issue which turns on factual evidence, he is responsible for citing in his petition the facts contained in the record which would have supported the argument on appeal.

Petitioner here makes general claims without supporting facts. He alleges that the county sheriff had made prejudicial statements linking him to organized crime, called him vile names and said he was "criminally associated" with two supreme court justices. He also contends that publicity surrounding the proceedings against Eugene Hall and Mary Orsini created a "hostile public atmosphere." He does not state what statements made by the sheriff created ill-will towards him or when the statements were made. He also fails to allude to any evidence that the Hall or Orsini proceedings engendered hostility against him. In short, petitioner has provided no facts in the petition before us to demonstrate that the trial court abused its discretion by denying a

change of venue. This court will not go behind the petition filed and search the record for support for allegations raised in it. *Brents* v. *State, supra*; *see also Hill* v. *State*, 278 Ark. 194, 644 S.W.2d 282 (1983).

Petition denied.