Herbert MALONE *v.* STATE of Arkansas

CR 86-206                                    741 S.W.2d 246

Supreme Court of Arkansas
Opinion delivered December 14, 1987

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

PER CURIAM. Petitioner Herbert Malone was found guilty by a jury of aggravated robbery, aggravated assault and theft of property. He was sentenced as an habitual offender with eight prior felony convictions to three hundred, forty and eight years imprisonment. The terms were ordered served consecutively. We affirmed. *Malone v. State*, 292 Ark. 243, 729 S.W.2d 167 (1987). Petitioner now seeks postconviction relief pursuant to Criminal Procedure Rule 37, alleging that his two attorneys at trial and his attorney on appeal were ineffective and that several errors were made by the trial judge in the course of the trial.

Petitioner contends that the trial court erred when it denied his pretrial motion to relieve counsel, sentenced him to three hundred years imprisonment for aggravated robbery which

constituted a sentence not within the statutory range for the offense, instructed the jury that the range of punishment for aggravated robbery was up to five hundred years and sentenced him as an habitual offender. He also asserts that his sentence is an unconstitutional bill of pains and penalties.

We first note that the trial court did not instruct the jury that the range of sentences for aggravated robbery was up to five hundred years. (The deputy prosecutor in closing argument asked the jury to return a five hundred year sentence.) The decisions of the trial court to deny the motion to relieve counsel and to sentence petitioner as an habitual offender are not reviewable under Rule 37 since they were matters which could have been presented on direct appeal. Rule 37 does not provide a remedy when an issue could have been raised in the trial court or argued on direct appeal, unless the issue represents a question so fundamental that the judgment of conviction is rendered absolutely void. *White* v. *State*, 290 Ark. 77, 716 S.W.2d 203 (1986). Also, the sentence imposed was not a bill of pains and penalties because it was not the product of a legislative enactment which punished the petitioner without benefit of a judicial proceeding. *See* L. Tribe, *American Constitutional Law*, § 10-5 (1978).

Unlike the other allegations of trial error, the allegation concerning the length of sentence imposed for aggravated robbery is cognizable under Rule 37.1(c), however, there is no merit to petitioner's contention that the three hundred year sentence was in excess of the maximum authorized by law. The jury was accurately instructed that since petitioner was an habitual offender with more than four prior felony convictions, he was subject to an extended term of imprisonment for aggravated robbery of "not less than forty (40) years nor more than life." Ark. Stat. Ann. § 41-1001.2(a) (Supp. 1985). A sentence of "more than life" under our statutes would be life without the possibility of parole or death, the only penalties more severe than life in prison. There is no provision under Arkansas law or the United States Constitution which prohibits a sentence of a term of years which exceeds the usual life span of human beings.[1]

---

[1] In practical terms petitioner suffered no prejudice to his status for parole eligibility purposes from the sentence of three hundred years because as a fourth offender, he is

In a related allegation, petitioner alleges that his attorneys at trial should have objected to the three hundred year sentence. As indicated, such an objection would have been futile.

Petitioner also contends that his attorneys should have objected when an attorney with the United States District Court gave the closing argument at his trial. He contends that counsel should have objected when the attorney was not introduced at the beginning of the trial as being from the United States Attorney's Office. Petitioner does not explain how he was prejudiced by the attorney's presence or by the failure to identify him as an assistant United States Attorney. To prevail on an allegation of ineffective assistance of counsel, the petitioner must show that counsel's performance was deficient in that counsel made an error so serious that he was not functioning as the "counsel" guaranteed by the sixth amendment. Second, the deficient performance must have resulted in prejudice so pronounced as to have deprived the petitioner of a fair trial and produced a result whose outcome cannot be relied on as just. Both showings are necessary before it can be said that the conviction resulted in a breakdown in the adversarial process. *Strickland* v. *Washington*, 466 U.S. 668 (1984). Petitioner has not made a showing of prejudice.

Petitioner next states that he was arraigned in federal court and then indicted by a federal grand jury on the charges for which he was convicted in circuit court. The federal indictment was dismissed, and petitioner argues that refiling the charges in state court was improper. He alleges that his counsel should have argued that he was not indicted by a state grand jury and was not properly arraigned in state court. There is no merit to petitioner's conclusion that he could not be tried in state court after dismissal of federal charges. *See Bartkus* v. *Illinois*, 359 U.S. 121 (1959). Further, the record indicates that petitioner was arraigned in state court. He had no constitutional right to have the state proceed by a grand jury indictment. *Gernstein* v. *Pugh*, 420 U.S. 103 (1975); *see also Hurtado* v. *California*, 110 U.S. 516 (1884).

Petitioner states in conclusory fashion that his

ineligible for parole regardless of the length of the sentence imposed. Ark. Stat. Ann. § 43-2830.2(4) (Supp. 1985); Ark. Stat. Ann. § 43-2830.3(B)(5) (Supp. 1985).

counsel would not prepare his case and would not subpoena unspecified witnesses. When an allegation rests on whether witnesses should have been subpoenaed, it is incumbent on the petitioner to name the witnesses, provide a summary of their testimony and establish that the testimony would have been admissible into evidence. *See Tackett v. State*, 284 Ark. 211, 680 S.W.2d 696 (1984). An allegation which is general in nature with no showing of actual prejudice to the defense is not deserving of postconviction relief. *Isom* v. *State*, 284 Ark. 426, 682 S.W.2d 755 (1985). Petitioner does not allege that any admissible testimony was omitted by counsel's failure to subpoena a particular witness.

Petitioner further alleges that the attorney who represented him on appeal was ineffective. He states that the attorney should have brought to this court's attention: (1) the fact that he was tried in state court after the federal indictment had been dismissed; (2) the lack of arraignment in state court and indictment by a state grand jury; (3) the participation of an assistant United States Attorney at his trial; and (4) the issue of whether his wife's testimony would have been admissible in light of our decision in *Ricarte v. State*, 290 Ark. 100, 717 S.W.2d 488 (1986). Petitioner himself raised in the trial court the issue of whether he had been arraigned in state court; otherwise, the issues set out by petitioner were not argued to the trial court. Counsel cannot be found ineffective for not raising on appeal arguments which were not raised below. *See Rawlings* v. *State*, 284 Ark. 446, 683 S.W.2d 223 (1985); *see also Halfacre v. State*, 290 Ark. 312, 718 S.W.2d 945 (1986). Although petitioner raised the arraignment issue in the trial court, the record shows that there was an arraignment and he offers nothing to indicate that the issue constituted a meritorious point for appeal. A hallmark of effective appellate advocacy is the process of assessing arguments and focusing on those likely to prevail. *Jones* v. *Barnes*, 463 U.S. 745 (1983); *Troutt* v. *State*, 292 Ark. 192, 729 S.W.2d 139 (1987). Petitioner has not shown that his attorney neglected to raise any issue on which he could have prevailed on appeal.

Petitioner has attached to his petition the affidavit of his wife Mary Malone in which she recants her testimony at trial. The affidavit cannot be considered under Rule 37, however, because the Rule provides for collaterally attacking a judgment

and was never intended to provide a means to add evidence to the record or refute evidence adduced at trial. *McDaniel* v. *State*, 282 Ark. 170, 666 S.W.2d 400 (1984).

Finally, we note that petitioner twice attempted to amend this petition. We will permit a petition to be amended in accordance with Rule 37.3(a). *Birchett* v. *State*, 291 Ark. 379, 724 S.W.2d 492 (1987). Petitioner's first motion to amend was denied because it was in essence a response to the state's response to the original petition which simply restated the arguments in the petition. The second motion to amend consisted of the argument that petitioner had not been properly informed of his *Miranda* rights. Since the issue asserted by petitioner could have been raised at trial and was not sufficient to render the judgment in his case void, the second motion to amend was also denied. *See Hill* v. *State*, 278 Ark. 194, 644 S.W.2d 282 (1983); *Swindler* v. *State*, 272 Ark. 340, 617 S.W.2d 1 (1981).

Petition denied.

PURTLE and HAYS, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. A prisoner ought not to be ordered to serve more than a lifetime without parole. Three hundred and forty-eight years is cruel and unusual. This sentence should be modified because the statute authorizes a maximum sentence of "life." We ought to modify this sentence instead of using excuses to uphold it. A fairly casual reading of Ark. Stat. Ann. § 41-1001.2(a) (Supp. 1985) gives the distinct impression that the range of penalty in this case, even with the eight prior felony convictions, is from 40 years to life. After a careful reading the specified range is still between 40 years and life. This court should abide by the statute and our own precedent and reduce this time to life in prison, the maximum allowed by law. See generally *Singelton* v. *State*, 274 Ark. 126, 623 S.W.2d 180 (1981); and *Swaite* v. *State*, 272 Ark. 128, 612 S.W.2d 307 (1981). Things are going to get messy around Cummins if prisoners must be there for more than a lifetime.

After the trial court correctly instructed the jury on the range of the penalty, the state requested a 500 year sentence in closing argument. The only reason I can conceive of for this argument and the consequent sentence is a failure to understand

the proper application of the statute to the time to be served. In spite of a proper instruction the jury returned a verdict of three hundred forty-eight years, which was accepted by the court in pronouncing sentence. This sentence is no doubt a reflection of the public perception that the Department of Correction and the courts are out of harmony on the length of time a prisoner actually serves in relation to the time sentenced by the courts. Whatever the reason for such unusual sentencing, the courts should abide by legislative enactment and leave the execution of legal sentences to the executive department.

HAYS, J., joins in this dissent.