William ROBINSON, Jr. *v.* STATE of Arkansas

CR 86-108                                        751 S.W.2d 335

Supreme Court of Arkansas
Opinion delivered June 6, 1988

694

*William Robinson, Jr.*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. The petitioner, William Robinson, Jr., was convicted of two counts of aggravated robbery and sentenced to two concurrent terms of forty years. We affirmed. *Robinson* v. *State*, 291 Ark. 212, 723 S.W.2d 818 (1987). The petitioner has filed a petition and a motion to amend the petition, seeking permission to proceed in circuit court for postconviction relief.

The petitioner has alleged fifteen grounds for postconviction relief. In a thirty-nine page petition, the following grounds could have been raised in trial or on appeal but were not: Points one, two and three, which allege that the petitioner was illegally arrested and denied counsel at a critical stage of the proceeding; point eight, which alleges that it is unconstitutional to force him to choose between his right to testify and the state's burden to prove the existence of his prior convictions beyond a reasonable doubt; points nine and ten, which allege the unconstitutionality of the trial court's determining the number of prior convictions for sentence enhancement purposes; and point thirteen, which alleges that three of the four convictions used to enhance his sentence were invalid. Rule 37 does not provide a remedy when an issue could have been raised in the trial court or on appeal, unless the issue presents a question so fundamental that the judgment of conviction is rendered absolutely void. *White* v. *State*, 290 Ark. 77, 716 S.W.2d 203 (1986); *Collins* v. *State*, 271 Ark. 825, 611 S.W.2d 182, *cert. denied*, 452 U.S. 973 (1981).

Points four, five, and six all allege that the state presented insufficient evidence to prove the crimes charged. The

petitioner also claims his attorney was ineffective in not challenging the insufficiency of the evidence. Challenges to the weight and sufficiency of the evidence are direct attacks on the conviction and, consequently, may not be raised in Rule 37 petitions. *McCroskey v. State*, 278 Ark. 156, 644 S.W.2d 271 (1983). Nor can the argument be raised by way of an allegation of ineffective assistance of counsel. *Guy v. State*, 282 Ark. 424, 668 S.W.2d 952 (1984).

In point eleven the petitioner alleges that after the trial he learned from a juror that during the deliberations the jury speculated as to why the petitioner did not testify. Without discussing the impropriety of attempting to go behind the jury's verdict, we note that the petitioner has not demonstrated that the jury considered any extraneous prejudicial evidence.

In point twelve, the petitioner challenges our standard of review on appeal with respect to several points including circumstantial evidence and the credibility of witnesses. Rule 37 is not the equivalent of either a second appeal or a petition for rehearing.

In point seven, the petitioner claims that his attorney was ineffective in advising him not to testify. He states that his attorney told him that if he testified that he would be cross-examined as to his prior felony convictions. He claims that he would have testified except for this advice, and that if the state was allowed to impeach him with prior felonies, that would be unconstitutionally relieving the state of its burden of proving the existence of prior felonies beyond a reasonable doubt for purposes of sentence enhancement.

To prove ineffective assistance of counsel, the petitioner must show that counsel's performance was deficient in that counsel made an error so serious that he was not functioning as the "counsel" guaranteed by the sixth amendment. Second, the deficient performance must have resulted in prejudice so pronounced as to have deprived the petitioner of a fair trial whose outcome cannot be relied on as just. *Strickland v. Washington*, 466 U.S. 668 (1984).

The state has the right to impeach a witness's credibility with prior convictions. A.R.E. Rule 609. Such ques-

tions would not shift the burden of proof. The questions are used to impeach credibility not to prove the existence of prior convictions. For purposes of sentence enhancement, prior convictions are proven by judgments during the punishment phase of the trial. Ark. Code Ann. § 5-4-502 (1987) [Ark. Stat. Ann. § 41-1005 (Repl. 1977)]. The accused has the right to choose whether to testify in his own behalf. *Moore* v. *State*, 244 Ark. 1197, 429 S.W.2d 122 (1968). Counsel may only advise the accused in making the decision. *Watson* v. *State*, 282 Ark. 246, 667 S.W.2d 953 (1984). The decision to testify is purely one of strategy and therefore, not reviewable under Rule 37. *Isom* v. *State*, 284 Ark. 426, 682 S.W.2d 755 (1985).

■ The petitioner also faults his attorney for not objecting to the circumstances of his arrest. He states that his arrest warrant was not issued by a magistrate, that he was denied an attorney at the probable cause hearing, and that a statement he gave was the product of the illegal arrest. The arrest warrant is not in the record nor were any facts testified to with regard to the arrest or the probable cause hearing. However, the only fruits of the arrest were the petitioner's two statements and both of those were exculpatory. Therefore, even if the petitioner's allegations are true he has shown no prejudice.

■ The petitioner claims that his attorney should have objected to the following jury instruction:

> [The petitioner] is charged with two counts of the offense of aggravated robbery. To sustain these charges the state must prove the following things beyond a reasonable doubt as to each count:

> First: That, with the purpose of committing a theft, [the petitioner] employed or threatened to immediately employ physical force upon another; and

> Second: That [the petitioner] was armed with a deadly weapon or represented by words or conduct that he was armed with a deadly weapon.

The petitioner argues that the jury should have been instructed to find guilt only if it found that he was actually armed with a deadly weapon since that was what the information charged. He contends that merely representing that one is so armed is a totally

different offense and that he was "surprised" by the instruction. The instruction tracks AMCI 2102 and the armed robbery statute, Ark. Code Ann. § 5-12-103(a)(1) (1987) [Ark. Stat. Ann. § 41-2102(1)(a) (Repl. 1977)]. One victim testified that his assailant was armed with a knife and the other was threatened with a hammer. Therefore, there would have been no basis for an objection by counsel.

■ The petitioner claims that his counsel was remiss in not seeking a continuance in order to interview certain witnesses who could have offered alibi testimony and explain why there was a hammer and knife missing from the petitioner's home. The petitioner fails to provide us with the names of the witnesses or the substance of what their testimony would have been; therefore, we will not consider the argument. *See Tackett* v. *State*, 284 Ark. 211, 680 S.W.2d 696 (1984).

■ Finally, the petitioner alleges that our determination of the merits of his claims in this petition denies him due process and equal protection and that we should only determine whether his claims are cognizable under Rule 37. The petitioner does not provide convincing argument or authority for this novel theory. There is no constitutional right to a postconviction proceeding; but when a state undertakes to provide collateral relief, due process requires that the proceeding be fundamentally fair. *Pennsylvania* v. *Finley*, 481 U.S. ___, 107 S. Ct. 1990 (1987). Our requirement that a petition meet certain threshold requirements to gain permission to proceed in circuit court is fundamentally fair.

■ The petitioner asks that allegations of ineffective assistance of counsel be attached to all of the grounds in his petition. As we stated before, to warrant relief on allegations of ineffective assistance of counsel, the petitioner must show prejudice to the degree that the outcome of the trial was unreliable. A petitioner must meet the heavy burden of showing that counsel's conduct was outside the wide range of reasonably professional assistance and sufficiently deficient to have denied petitioner a fair trial. *Strickland* v. *Washington, supra.* The petitioner's broad request fails to shows, within each of the grounds, how counsel's conduct was deficient and how that deficiency affected the outcome of the trial.

■ The petitioner has filed a motion to amend asking that he be allowed to supplement or amend if there is a technical deficiency which would foreclose a hearing on any of the issues. The motion does not provide us with any additional support for his claims which would convince us to grant the petition.

■ The petitioner has also filed a motion asking that he be appointed counsel. Since postconviction proceedings under Rule 37 are civil in nature there is no constitutional right to appointment of counsel to prepare a petition under Rule 37. *Fretwell* v. *State*, 291 Ark. 221, 718 S.W.2d 109 (1986). Rule 37.3 provides for the appointment of counsel by the circuit court where a hearing is granted and where the petitioner is unable to afford counsel.

Petition and motions denied.