Donald McDOUGALD, Appellee,

v.

A.L. LOCKHART, Director Arkansas Department of Correction, Appellant.

No. 90–2193.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1991.

Decided Aug. 19, 1991.

Rehearing and Rehearing En Banc Denied Oct. 7, 1991.

peals the district court's granting of Appellee Donald McDougald's petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] We reverse.

Appellee Donald McDougald (hereinafter McDougald) was one of three men charged with capital felony murder with burglary as the underlying felony. The other two were John Sellers (hereinafter Sellers) and Sam Angle (hereinafter Angle). In separate trials all three were convicted of felony murder and each sentenced to life without parole. McDougald's May 7, 1987 trial followed Sellers' trial.

Both Sellers and McDougald filed separate appeals. McDougald raised two issues on direct appeal: (1) ineffective assistance of counsel and (2) involuntary statement because of intoxication. The Supreme Court of Arkansas affirmed McDougald's conviction on April 25, 1988. *McDougald v. State*, 295 Ark. 276, 748 S.W.2d 340 (1988). On May 16, 1988, the Supreme Court of Arkansas reversed Sellers' conviction as a result of instructional error, holding that a capital felony murder conviction could not be based on the crime of burglary when the state limited its proof of predicate for burglary to intent to commit assault and battery upon the victim. *Sellers v. State*, 295 Ark. 489, 749 S.W.2d 669, 670–71 (1988). The Arkansas Supreme Court relied on *Parker v. State*, 292 Ark. 421, 731 S.W.2d 756 (1987) in reaching its decision to overturn Sellers' conviction. *Parker* was decided June 15, 1987, shortly after McDougald's trial. Sellers' case was remanded for retrial.

McDougald filed a pro se petition pursuant to Arkansas' Criminal Procedure Rule 37. In that petition, McDougald raised for the first time the issue of sufficiency of the evidence to prove that he committed the murder in the course of a burglary because the underlying felony merged into the mur-

Olan Reeves, Asst. Atty. Gen., argued (Kelly Hill, Asst. Atty. Gen., on brief), Little Rock, Ark., for appellant.

John D. Ogles, Jacksonville, Ark.

Before FAGG and LOKEN, Circuit Judges, HAMILTON,* District Judge.

HAMILTON, District Judge.

Appellant A.L. Lockhart, Director of the Arkansas Department of Correction, ap-

---

\* The HONORABLE JEAN C. HAMILTON, United States District Judge for the Eastern District of Missouri, sitting by designation.

1. Order of the United States District Court in the Pine Bluff Division of the Eastern District of Arkansas, No. PB–C–89–77 (June 14, 1990).

der.[2] The Supreme Court of Arkansas declined to address the issue stating:

> The petitioner first argues that the evidence was insufficient to prove that he committed the murder in the course of a burglary. A challenge to the sufficiency of the evidence constitutes a direct, rather than collateral, attack on the judgment and must be made at trial and on direct appeal. *McCroskey v. State*, 278 Ark. 156, 644 S.W.2d 271 (1983).

*McDougald v. State*, No. CR 87–213 (Ark. Jan. 9, 1989). The Arkansas Supreme Court denied McDougald's Rule 37 petition on January 9, 1989.

On February 8, 1989, McDougald then filed a petition for writ of habeas corpus asserting five grounds for relief.[3] The first ground asserted was the denial of due process and equal protection because the underlying felony merged into the murder. Adopting the proposed findings and recommendations of the magistrate, the district court granted relief. Relying upon *Sellers v. State*, 295 Ark. 489, 749 S.W.2d at 670–71, the district court concluded that McDougald was denied due process because the state erroneously proved capital felony murder by showing a burglary, the object of which was a battery that merged into and was not independent of the murder. The district court also held that the

claim was fairly presented because it could have been decided in the Rule 37 post-conviction petition.

The issue before this Court is whether the district court erred in holding that the *Sellers* issue was "fairly presented" to the state courts of Arkansas.

█ A writ of habeas corpus shall not be issued until a Defendant has exhausted all available state remedies.[4] A petitioner has exhausted his state remedies when the constitutional claim has been "fairly presented" to the state court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Explicit citation to the Constitution or to a federal case is necessary for fair presentation of a constitutional claim in state court. *Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir.1980).

The district court concluded, in reaching the merits of Petitioner's claim, that the constitutional claim had been fairly presented to the last court of recourse in Arkansas when Petitioner filed his petition for post-conviction relief under Rule 37.1. The district court determined that, had the Arkansas Supreme Court interpreted the claim as the same issue raised in *Sellers*, that is, as an instructional issue, rather than as a sufficiency of the evidence issue, it could have addressed the issue as one which would have voided the conviction.

---

**2.** In his Rule 37 petition, McDougald stated the issue as follows:

> Petitioner was denied due process, equal protection, and fundamental fairness when the court overruled his motion for directed verdict of acquittal when the state failed to prove all the elements of the crimes [with] which he was charged. There is insufficient evidence to substain (sic) the conviction and sentence.

Although McDougald's petition contained no specific citation to the *Sellers* case, it related the procedural history in *Sellers*. McDougald also asserted the following:

> Petitioner contends that the charge of capital murder is unconstitutional in that the object element of burglary was not proven independent of murder, and that murder did not "facilitate" the crime of burglary, as required by the statute.

Petitioner contended that retrial would constitute double jeopardy.

**3.** The other four grounds for relief were (1) biased jury; (2) prosecutorial misconduct; (3)

ineffective assistance of trial counsel; and (4) ineffective assistance of counsel on appeal. The District Court denied relief on each of these bases. These grounds are not before this Court for review.

**4.** Subsections (b) and (c) of 28 U.S.C. § 2254 provide:

> (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the Courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

▮ Appellant, however, asserts the district court erred in finding the claim was fairly presented because a *Sellers*-type issue, an issue of trial error, is not cognizable in a post-conviction petition under Arkansas law. Under Arkansas law, a claim that could have been raised at trial or on direct appeal, but was not, is not cognizable in a Rule 37 petition. *Long v. State*, 294 Ark. 362, 742 S.W.2d 942 (1988); *Blair v. State*, 290 Ark. 22, 716 S.W.2d 197 (1986). A Rule 37 petition that merely presents constitutional arguments based upon the record will be denied because Rule 37 is not a substitute for an appeal or an alternative method of reviewing mere trial errors. *White v. State*, 290 Ark. 77, 716 S.W.2d 203 (1986); *Miller v. State*, 273 Ark. 508, 621 S.W.2d 482 (1981). An exception exists, however, when the constitutional claim would render the judgment absolutely void. *Neal v. State*, 270 Ark. 442, 605 S.W.2d 421 (1980).

▮ The district court held that this issue, the *Sellers* issue, brought the case within the exception and that the Arkansas Supreme Court could have addressed the issue on its merits in the Rule 37 proceeding.

Appellant, disagreeing with this holding, contends that the constitutional claim was not one that would render the conviction void and therefore did not bring the Rule 37 petition within the exception to waiver. Under Arkansas law, a ground that is sufficient to void a conviction is one so basic that the judgment is a complete nullity. *Shockley v. State*, 291 Ark. 251, 724 S.W.2d 156 (1987). As Appellant points out, McDougald's accomplice, Sellers, was retried and convicted upon retrial. The Arkansas Supreme Court affirmed Seller's second conviction, holding he was not subjected to double jeopardy, in that the evidence in the first trial was virtually the same as in the second and the problem associated with the first conviction concerned trial error in instructing the jury, not insufficient evidence to support the conviction. *Sellers v. State*, 300 Ark. 280, 778 S.W.2d 603, 605 (1989). Trial error is not sufficient to render a conviction void.[5] The district court therefore erred in holding that the issue was one that would render the conviction void. Consequently, the issue was not fairly presented to the state courts.

▮ Once a federal court determines a claim has not been fairly presented to a state court, the court must determine if the exhaustion requirement has nonetheless been met because no non-futile state remedies are available. If no state remedy exists, the federal court determines whether the petitioner demonstrated adequate cause to excuse his failure to raise the claim in state court. If the petitioner can show sufficient cause, the petitioner must show actual prejudice to his defense as a result of the state court's failure to address the merits of the claim. *Smittie v. Lockhart*, 843 F.2d 295, 296 (8th Cir.1988).

▮ McDougald filed both a direct appeal and a Rule 37 petition. No non-futile state remedies remain. *See, Miller v. State*, 301 Ark. 59, 781 S.W.2d 475 (1989). The *Smittie* analysis requires the district court to determine if petitioner demonstrated adequate cause to excuse his failure to fairly present the claim in state court. McDougald asserts that his claim's novelty

---

**5.** Error sufficient to void a conviction under Arkansas law appears to be limited to errors that prevent retrial. *See e.g., Williams v. State*, 298 Ark. 317, 766 S.W.2d 931 (1989) (no evidence to support the conviction); *Travis v. State*, 286 Ark. 26, 688 S.W.2d 935 (1985) (trial court without jurisdiction); *Rowe v. State*, 275 Ark. 37, 627 S.W.2d 16 (1982) (double jeopardy).

Appellant includes a lengthy list of cases in which the petitioner claimed egregious trial error but the Arkansas Supreme Court found no error sufficient to void the conviction. *See e.g., Hedrick v. State*, 292 Ark. 411, 730 S.W.2d 488

(1987) (holding claim that defendant mistakenly pled guilty to capital felony murder when intending to plead to a lesser degree of murder is insufficient to void conviction); *White v. State*, 290 Ark. 77, 716 S.W.2d 203 (1986) (claim of trial error that included failure to admit relevant evidence, refusal to give requested jury instruction, limiting cross examination for impeachment, and violation of marital privilege protecting confidential communications not sufficient); *Ruiz v. State*, 275 Ark. 410, 630 S.W.2d 44, *cert. denied*, 459 U.S. 882, 103 S.Ct. 181, 74 L.Ed.2d 148 (1982) (challenge to constitutionality of death penalty statute not sufficient).

should excuse default under *Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984). The district court noted that the *Parker* case was handed down five weeks after McDougald's trial. The district court concluded,

> Because counsel in the *Parker* and *Sellers* cases recognized and asserted the claim, this Court cannot find that it was 'reasonably' unknown to petitioner's counsel, or that there was 'no rational basis in existing law' to construct the argument.

(Magistrate's Proposed Findings and Recommendations pp. 11–12). The district court also addressed McDougald's argument that his "actual innocence" should excuse him for establishing cause. The district court concluded that McDougald had offered no factual basis for this argument and that the circumstances in this case were not the sort contemplated in *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). (Magistrate's Proposed Findings and Recommendations p. 12). Furthermore, the *Sellers*-type error was trial error. The district court opinion noted that trial error implies nothing with respect to the guilt or innocence of the Defendant. (Magistrate's Proposed Findings and Recommendations p. 14, *quoting Burks v. United States*, 437 U.S. 1, 15, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978)). The record supports the district court's conclusions of law concerning cause.

The record before this Court is sufficient to demonstrate that McDougald's claim was not fairly presented and that he cannot demonstrate sufficient cause and actual prejudice as required under the *Smittie* analysis. Accordingly, the judgment of the district court granting the petition is reversed.