# SUPREME COURT OF ARKANSAS

**No.** CR–13-802

| | | |
|---|---|---|
| ROBERT DAVIS | APPELLANT | **Opinion Delivered**  January 16, 2014 |
| v. | | PRO SE MOTIONS FOR EXTENSION OF TIME TO FILE BRIEF AND FOR APPOINTMENT OF COUNSEL [PULASKI COUNTY CIRCUIT COURT, 60CR-09-1024] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE LEON JOHNSON, JUDGE |
| | | APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

In 2010, appellant Robert Davis was found guilty by a jury of capital murder and aggravated robbery and sentenced as a habitual offender to life imprisonment without parole.[1] On appeal, appellant did not challenge the sufficiency of the evidence. Instead, he argued that the trial court erred in admitting into evidence the out-of-court statement of Latasha Smith to a police detective. In the statement, Latasha Smith informed the detective that appellant had admitted to her that he had killed someone and that it was the man on Meadowcliff. The victim's body had been found at the intersection of Meadowcliff and Sheraton Roads.

When Latasha Smith testified for the State, she said on direct examination that she remembered giving a statement to the detective, but she did not recall the subject matter of the discussion. The State unsuccessfully sought to refresh her memory by allowing her to review

---

[1]The judgment-and-commitment order reflects that appellant is also known as Robert Lee Davis, Jr.

a transcript of the statement. While she testified that she did not lie to the police, she continued to testify that she did not remember what she had discussed with the police. Counsel for appellant asked the trial court to declare Latasha Smith an unavailable witness due to her lack of memory, but the court permitted the testimony. Counsel then conducted a voir dire of Latasha Smith in the presence of the jury that questioned her mental incapacity that resulted in her "getting disability," her short- and long-term memory problems, her black-outs that prevented her from remembering, and her inability to remember giving a statement to the police. After the State concluded its direct examination, counsel for appellant did not cross-examine Latasha Smith. We found no error and affirmed the judgment-and-commitment order. *Davis v. State*, 2011 Ark. 373.

Appellant subsequently filed in the trial court a timely, verified pro se petition for relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010), alleging that he had not been afforded effective assistance of counsel. The trial court denied the petition without a hearing.[2] Appellant timely lodged this appeal. Now before us are appellant's motions for extension of time to file his brief and appointment of counsel.

We need not consider the merits of the motions because it is clear from the record that

---

[2]Arkansas Rule of Criminal Procedure 37.3(c) provides that an evidentiary hearing should be held in postconviction proceedings unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Eason v. State*, 2011 Ark. 352 (per curiam); *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). Where the circuit court dismisses a Rule 37.1 petition without an evidentiary hearing, it "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a); *see Eason*, 2011 Ark. 352. In the instant case, the circuit court's order denying postconviction relief complies with the requirements of Rule 37.3.

appellant could not prevail if an appeal were permitted to go forward. An appeal from an order that denied a petition for postconviction relief will not be allowed to proceed where it is clear that the appellant could not prevail. *Jordan v. State*, 2013 Ark. 469 (per curiam); *Holliday v. State*, 2013 Ark. 47 (per curiam); *Bates v. State*, 2012 Ark. 394 (per curiam); *Martin v. State*, 2012 Ark. 312 (per curiam). Accordingly, the appeal is dismissed, and the motions are moot.

A review of the petition and the order reveals no error in the trial court's decision to deny relief. When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, ___ S.W.3d ___.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland,* we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the

time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

In his petition, appellant first argued that counsel did not provide effective assistance based on counsel's failure to confront Latasha Smith in cross-examination to bring out "any basis or bad memory when she stated she could not recall the crime or her statements to police." He alleged that the failure to cross-examine her prejudiced him in that the jury did not get the

opportunity to assess her demeanor and discern whether any credibility should be given to her testimony or her prior statement.

The allegation was not sufficient to establish that appellant was prejudiced by counsel's conduct to the extent that there is a reasonable probability that, but for counsel's error, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the error. Here, as the trial court noted in its order, counsel was permitted to voir dire Latasha Smith, ask detailed questions concerning her inability to remember the statement she gave, and bring out that her mental problems had resulted in her being on disability. Appellant did not state what further questions appellant could have asked on cross-examination that would have revealed any specific information to the jury to undermine her testimony further than it had been during the voir dire. An entirely conclusory claim is not a ground for postconviction relief. *Munnerlyn v. State*, 2013 Ark. 339 (per curiam); *Glaze v. State*, 2013 Ark. 141 (per curiam). The burden is entirely on the petitioner in a Rule 37.1 proceeding to provide facts that affirmatively support the claims of prejudice. *Thacker v. State*, 2012 Ark. 205 (per curiam); *Jones v. State*, 2011 Ark. 523 (per curiam); *Payton v. State*, 2011 Ark. 217 (per curiam).

Appellant next contended that his attorney failed to present an affirmative defense. The basis of the claim is not entirely clear, but appellant contends that another person, Michael Scales, could have been shown to have been an "equal participant" and charged as an accomplice. He states that Scales was not charged despite the evidence against him and that Scales was allowed to testify for the State, which counsel should have prevented by seeking to have Scales named as an accomplice. Appellant provides no support for the suggestion that

5

counsel could have compelled the State to charge Scales as an accomplice. It is the prosecutor, with the concurrent authority of the grand jury, who has the authority to bring charges. *State v. Brooks*, 360 Ark. 499, 202 S.W.3d 508 (2005). Actual ineffectiveness claims alleging deficient attorney performance are subject to the general requirement that the petitioner affirmatively prove prejudice. *Lowe v. State*, 2012 Ark. 185____ S.W.3d ____ (per curiam).

If petitioner intended the allegation to be that he would not have been as culpable if he had Scales as an accomplice, the law in Arkansas makes no distinction between the criminal liability of a principal and an accomplice. Ark. Code Ann. § 5-2-402(2) (Repl. 2006); *Winters v. State*, 2013 Ark. 193, ____ S.W.3d ____. We have held that under the accomplice-liability statute, a defendant may properly be found guilty not only of his own conduct but also the conduct of his accomplice. *Purifoy v. State*, 307 Ark. 482, 822 S.W.2d 374 (1991). When two or more persons assist one another in the commission of a crime, each is an accomplice and criminally liable for the conduct of both. *Id.* An admission by one does not exculpate the other. *Winters*, 2013 Ark. 193, ____ S.W.3d ____ (citing *Branstetter v. State*, 346 Ark. 62, 57 S.W.3d 105 (2001)).

Appellant also asserted that counsel denied him due process of law by failing to communicate with him and provide him with "discovery information," police reports, statements, and a copy of the transcript of his trial. As appellant did not state how the defense was prejudiced by any inaction on counsel's part at trial or on appeal, he did not meet the first prong of the *Strickland* test. *See Lowe*, 2012 Ark. 185____ S.W.3d ____ (holding a general claim that counsel failed to meet with the defendant in itself did not constitute a showing of ineffective assistance of counsel).

As his final allegation of ineffective assistance of counsel, appellant also contended that counsel abandoned some issues by not raising them on appeal, but he failed to state what issues were meritorious. Where a petitioner under Rule 37.1 cannot show that there was a meritorious issue to be raised on direct appeal that would have resulted in the appellate court's declaring reversible error, the petitioner has failed to demonstrate that appellate counsel was ineffective. *Walton v. State*, 2013 Ark. 254 (per curiam). The petitioner must demonstrate that counsel's inaction amounted to an error of such magnitude that it rendered counsel's performance constitutionally deficient under the criteria set out in *Strickland*. *Wainright v. State*, 307 Ark. 569, 823 S.W.2d 449 (1992); *Troutt v. State*, 292 Ark. 192, 729 S.W.2d 139 (1987). The burden is entirely on the petitioner to state facts in the petition to establish the ineffectiveness of appellate counsel for failure to raise a meritorious isssue. *See Howard v. State*, 291 Ark. 633, 727 S.W.2d 830 (1987).

Appeal dismissed; motions moot.

*Robert Davis*, pro se appellant.

No response.