PER CURIAM |, On November 14, 2013, judgment was entered reflecting that appellant Olajuwon Smith had entered pleas of guilty to multiple felony offenses. On January 21, 2014, appellant filed in the trial court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). The petition was dismissed on January 23, 2014, on the ground that it did not comply with Rule 37.1(b), which sets out certain requirements for the form of a petition under the Rule. On January 31, 2014, appellant filed a second petition under Rule 37.1, which the court denied on February 14, 2014, on the ground that appellant was not entitled to file a second petition under the Rule inasmuch as the court had not dismissed the first petition without prejudice to filing a second petition. Appellant filed a notice of appeal on February 27, 2014, designating that the appeal was being taken from the February 14, 2014 [¡¡order. Now before us is that appeal and several motions filed by appellant that pertain to the appeal. As we find that the February 14, 2014 order should be affirmed, the motions are moot. Rule 37.2(b) provides that all grounds for relief available to a petitioner under the Rule must be raised in his or her original petition unless the original petition was denied without prejudice to filing a second petition. If a first petition under the Rule is denied without leave to proceed with a second petition, a petitioner under the Rule is barred from submitting a subsequent petition. Ewells v. State, 2014 Ark. 351, 439 S.W.3d 667 (per curiam); see also Cooper v. State, 2014 Ark. 243, 2014 WL 2158142 (per curiam) (noting that Rule 37.2(b) does not permit a second petition for postconviction relief unless the first such petition was specifically denied without prejudice to filing a subsequent petition). Failure to comply with Rule 37.1(b) is not a jurisdictional defect, and the trial court may rule on a petition that does not conform to the Rule. Moss v. State, 2013 Ark. 431, 2013 WL 5878130 (per curiam); Barrow v. State, 2012 Ark. 197, 2012 WL 1631806 (per curiam). We held in Moss that, when a petitioner timely files his verified petition that does not comply with Rule 37.1(b), the trial court has the discretion to act on the merits of the petition, dismiss it without prejudice to filing a petition that conforms to Rule 37.1(b), or dismiss the petition.[1] Appellant urges this court to overturn the trial court’s holding that the second petition was not authorized by the Rule because there was good cause for his failure to file a conforming | .¡petition. He contends that his first petition was not in compliance with Rule 37.1(b) as the result of his being denied access to the court because of the inadequate law library at the prison where he is incarcerated. He argues that he was not afforded adequate information and assistance from the library in preparing the first petition, and, thus, he should have been permitted to proceed with a second petition that conformed to Rule 37.1(b). Appellant’s argument is unavailing. First, appellant did not appeal from the order that dismissed his original petition. His appeal is from the February 14, 2014 order that denied relief on the ground that a second petition was not allowed under the Rule. Moreover, even if appellant’s argument could be said to apply to the denial of the original petition, he did not demonstrate that he was entitled to file a subsequent petition. While persons who are incarcerated may face certain obstacles in pursuing access to the courts, we take judicial notice that appeals from posteonviction orders are frequently lodged in this court by incarcerated persons who have filed petitions that conform to Rule 37.1(b). The fact that those conforming petitions are filed by petitioners who also may be assumed to confront certain hurdles occasioned by their incarceration suggests that Rule 37.1(b) is not unduly burdensome. While there is no constitutional right to a postconviction proceeding, when a state undertakes to provide collateral relief, due process requires that the proceeding be fundamentally fair. Davis v. State, 2010 Ark. 366, 2010 WL 3794178 (per curiam). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Id. Due process does not require courts to provide an unlimited opportunity to present postconviction claims. Watkins v. State, 2010 Ark. 156, 362 S.W.3d 910 (per curiam); Maulding v. State, 299 Ark. 570, 776 S.W.2d 339 (1989) (per curiam). This court has held that certain procedural requirements or other limitations on postconviction relief do not violate the right to due process. See, e.g., Croft v. State, 2010 Ark. 83, 2010 WL 569744 (per curiam) (a petition under the rule not verified in accordance with Rule 37.1(c) is subject to dismissal); Robinson v. State, 295 Ark. 693, 751 S.W.2d 335 (1988) (per curiam) (requiring a petition for postconviction relief to meet certain threshold requirements is fundamentally fair). Placing certain limitations on the length and form of petitions under the Rule is an entirely reasonable restriction on petitioners seeking postconviction relief. See Davis, 2010 Ark. 366. This court is not unmindful of the holdings by the United States Supreme Court in Martinez v. Ryan, — U.S. -, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) and Trevino v. Thaler, — U.S. -, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013). The Martinez Court held that, when state law requires a prisoner to use a collateral attack rather than a direct appeal to raise a claim that his trial attorney was not effective under the Sixth Amendment, the prisoner’s failure to comply with state rules in bringing his collateral attack on the judgment will no longer bar a federal judge from granting habeas relief on that claim, if the prisoner had no attorney to represent him in the collateral proceeding or that attorney was ineffective and if the petition filed in the state court had a meritorious claim. In Trevino, the Court extended its holding in Martinez to cases in which a state’s procedural framework make it unlikely in a typical case that a defendant would have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal. Neither Martinez nor Trevino requires this court to forgo procedural rules that serve to streamline the | ¿process by which petitioners present claims for postconviction relief to the trial courts. The prompt and orderly disposition of petitions for postconviction relief requires standards to control the content, length and form of the petitions, and the number of such petitions that each petitioner is permitted to file. See Maulding, 299 Ark. 570, 776 S.W.2d 339. Affirmed; motions moot. Hart, J., dissents. . We have reversed and remanded on appeal where the trial court dismissed the petition solely on the basis that it did not have jurisdiction to act on a petition that did not conform to Rule 37.1(b). Moss, 2013 Ark. 431. In the instant case, the trial court did not dismiss appellant’s petition for lack of jurisdiction; it dismissed for failure to comply with the Rule, and it did not provide that appellant could submit a second, complying petition.