SLIP OPINION

Cite as 2015 Ark. 126

# SUPREME COURT OF ARKANSAS

No. CR-82-121

| | |
|---|---|
| | **Opinion Delivered** March 19, 2015 |
| ROOSEVELT ABERNATHY<br>PETITIONER | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR POSTCONVICTION RELIEF PURSUANT TO ARKANSAS RULE OF CRIMINAL PROCEDURE 37.1 AND MOTION TO INTRODUCE EXHIBITS AS EVIDENCE |
| V. | |
| STATE OF ARKANSAS<br>RESPONDENT | [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-82-316] |
| | PETITION DISMISSED; MOTION MOOT. |

## PER CURIAM

In 1982, petitioner was found guilty by a jury of capital felony murder and first-degree battery. An aggregate sentence of life imprisonment without parole was imposed. We affirmed. *Abernathy v. State*, 278 Ark. 250, 644 S.W.2d 590 (1983).

After the judgment was affirmed on appeal, petitioner sought leave from this court to proceed in the trial court with a petition pursuant to Arkansas Rule of Criminal Procedure 37.1 (1982). The petition was denied. *Abernathy v. State*, CR-82-121 (Ark. Jan. 14, 1985) (unpublished per curiam).

In 2013, petitioner filed a second petition here to proceed under the Rule, raising a series of allegations of ineffective assistance of counsel. Under the applicable provision of the Rule, petitioner was required to raise all issues for postconviction relief in the original petition unless that petition was denied without prejudice. Ark. R. Crim. P. 37.2(b) (1982). Petitioner's original

petition was not denied without prejudice to filing a subsequent petition. The petition was dismissed by syllabus entry on May 23, 2013.

Now before us is petitioner's third petition to reinvest jurisdiction in the trial court to consider a petition under the version of Arkansas Rule of Criminal Procedure 37.1 in effect when he became eligible to file a petition. As stated, petitioner was required to raise all issues for postconviction relief in the original petition. Also before us is petitioner's motion to introduce some exhibits as evidence. Because petitioner is not entitled to proceed again under the Rule, the petition is dismissed. The motion to introduce exhibits is moot.

Petitioner argues, as he did in his second petition, that he should be permitted to proceed again under the Rule pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and related cases, arguing that his attorney at trial and on direct appeal was ineffective. Petitioner's reliance on *Martinez* and its progeny is misplaced.[1] The *Martinez* Court held that, when state law requires a prisoner to use a collateral attack rather than a direct appeal to raise a claim that his trial attorney was not effective under the Sixth Amendment, the prisoner's failure to comply with state rules in bringing his collateral attack on the judgment will no longer bar a federal judge from granting habeas relief on that claim, if the prisoner had no attorney to represent him in the collateral proceeding or his attorney was ineffective and if the petition filed in the state court had a meritorious claim. In *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), the Court extended its holding in *Martinez* to cases in which a state's procedural framework make it unlikely in a typical case that

---

[1]Petitioner also invokes Arkansas Code Annotated section 16-91-202 (Repl. 2006) as authority for his argument that he is entitled to proceed under the Rule, but the statute is not availing as it applies to cases in which the petitioner was sentenced to death.

a defendant would have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal. Neither the ruling in *Martinez* nor the ruling in *Trevino*, or subsequent cases based on the rulings in those cases, however, dictated that there cannot be limits placed on the number of petitions for postconviction relief that may be filed in state court by one petitioner. *See Smith v. State*, 2015 Ark. 23, ___ S.W.3d ___ (per curiam).

While there is no constitutional right to a postconviction proceeding, when a state undertakes to provide collateral relief, due process requires that the proceeding be fundamentally fair. *Davis v. State*, 2010 Ark. 366 (per curiam). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Id.* Due process does not require courts to provide an unlimited opportunity to present postconviction claims. *Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910 (per curiam); *Maulding v. State*, 299 Ark. 570, 776 S.W.2d 339 (1989) (per curiam). This court has held that certain procedural requirements or other limitations on postconviction relief do not violate the right to due process. *See, e.g.*, *Croft v. State*, 2010 Ark. 83 (per curiam) (A petition under the rule not verified in accordance with Rule 37.1(c) is subject to dismissal.); *Robinson v. State*, 295 Ark. 693, 751 S.W.2d 335 (1988) (per curiam) (Requiring a petition for postconviction relief to meet certain threshold requirements is fundamentally fair.). Placing certain limitations on the length and form of petitions under the Rule is an entirely reasonable restriction on petitioners seeking postconviction relief. *See Davis*, 2010 Ark. 366. While this court is not unmindful of the holdings of *Martinez* and *Trevino*, neither requires this court to forgo procedural rules that serve to streamline the process by which petitioners present claims for postconviction relief to the trial

courts. *Smith*, 2015 Ark. 23, ___ S.W.3d ___ . The prompt and orderly disposition of petitions for postconviction relief requires standards to control the content, length and form of the petitions, and the number of such petitions that each petitioner is permitted to file. *Id.*; *see also Maulding*, 299 Ark. 570, 776 S.W.2d 339.

Petition dismissed; motion moot.

*Roosevelt Abernathy*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for respondent.