SLIP OPINION

Cite as 2016 Ark. 65

# SUPREME COURT OF ARKANSAS

**No.** CR–15–662

| | |
|---|---|
| DAVID LEE FELTY | **Opinion Delivered** February 18, 2016 |
| APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-12-490] |
| V. | |
| STATE OF ARKANSAS | HONORABLE MARCIA R. HEARNSBERGER, JUDGE |
| APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED. |

## RHONDA K. WOOD, Associate Justice

David Felty received a life sentence in prison without parole after a jury convicted him of first-degree felony murder. Felty's counsel on appeal has filed a no-merit brief and a motion to withdraw. *See Anders v. California*, 386 U.S. 738 (1967); Ark. Sup. Ct. R. 4-3(k) (2015). The brief asserts that there are no nonfrivolous arguments to be made on appeal. No pro se points have been filed. We hold that the brief complies with our rules and *Anders*. We affirm the conviction and grant counsel's motion to withdraw.

This case started after the police responded to a 911 call from the El Rancho Motel in Hot Springs and found the victim, badly beaten, inside one of the rooms. According to the victim, his assailant had used a baseball bat and was wearing white shirt. The police quickly apprehended Felty at the scene; at the time, he was wearing a white shirt. The victim would later die of a heart attack as a result of the injuries sustained in the beating. The autopsy concluded that the cause of death was homicide.

A jury trial was held. Eyewitnesses testified that Felty and two accomplices entered the victim's motel room. One accomplice stated that Felty owed her money. Inside the motel room, Felty beat the victim with a baseball bat while the accomplices rifled through the victim's personal effects. The police never recovered any money from the motel room, even though the victim had been carrying over a thousand dollars cash.

The jury convicted Felty of first-degree felony murder. Because Felty was a habitual offender, he received a sentence of life in prison without parole under Ark. Code Ann. § 5-4-501(d) (Repl. 2013). During the trial, the only adverse rulings against Felty concerned the motion for a directed verdict, the renewed motion for a directed verdict, and an objection to Felty's habitual-offender status. In compliance with our rules, Felty's attorney has abstracted these rulings and explained why none provide a meritorious ground for reversal. *See* Ark. Sup. Ct. R. 4–3(k)(1). We agree that there are no other nonfrivolous arguments for an appeal.

The directed-verdict motions were challenges to the sufficiency of the evidence; we will affirm when substantial evidence supports the verdict. *See Flowers v. State*, 373 Ark. 119, 282 S.W.3d 790 (2008). The State asserted that Felty committed felony murder under the following theory: in the course of committing a felony (robbery),[1] either Felty or an accomplice caused the victim's death under circumstances manifesting extreme indifference to the value of human life. *See* Ark. Code Ann. § 5–10–102(a)(1). At trial, eyewitnesses

---

[1] "A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person." Ark. Code Ann. § 5–12–102(a).

confirmed that Felty and two accomplices entered the victim's motel room and beat the victim, causing his death. And even though the victim had a large sum of money, the police recovered none from his room. The no-merit brief has adequately summarized this testimony. Counsel has explained that all elements of the crime were satisfied and that the denial of the directed-verdict motions is not a meritorious ground for reversal.

Next, Felty's attorney argued at trial that Felty's two prior convictions for rape should count as only one conviction. Under the statute, a defendant is subject to habitual offender status if he commits "two (2) or more felonies involving violence." Ark. Code Ann. § 5-4-501(d). The statute further defines rape as a "felony involving violence." Ark. Code Ann. § 5-4-501(d)(2)(A)(v). The State presented a judgment and commitment order that reflected Felty's two separate convictions for rape. Each conviction had its own docket number. The circuit court ruled that each conviction was a separate felony. Counsel has adequately explained that this ruling is not a meritorious ground for reversal.

Because these adverse rulings do not provide meritorious grounds for reversal and because there are no other nonfrivolous arguments for an appeal, we agree with counsel that an appeal would be wholly frivolous. Additionally, as required by Ark. Sup. Ct. R. 4-3(i), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant, and no prejudicial error has been found.

Affirmed; motion to withdraw granted.

*Hancock Law Firm*, by: *Charles D. Hancock*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'