
SLIP OPINION

Cite as 2016 Ark. 111

# SUPREME COURT OF ARKANSAS

No. CR-16-35

| | |
|---|---|
| DARCEL DAMIARIO TOLLIVER | **Opinion Delivered** March 10, 2016 |
| APPELLANT | PRO SE MOTIONS FOR AN EXTENSION OF TIME TO FILE APPELLANT'S BRIEF HEMPSTEAD COUNTY CIRCUIT COURT [NO. 29CR-11-38] |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE DUNCAN CULPEPPER, JUDGE |
| | APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

Appellant Darcel Damiario Tolliver, filed a motion to file a belated petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. The circuit court entered an order that dismissed the request for postconviction relief because it did not comply with the 90-day time limitation imposed by Rule 37.2(c)(i) (2015) of the Arkansas Rules of Criminal Procedure. Tolliver lodged this appeal and filed a motion and a second motion seeking an extension of time to file his brief. Tolliver's brief was filed timely on February 22, 2016. Nevertheless, this court will not permit an appeal from an order that denied a request for postconviction relief if it is clear that the appellant could not prevail. *Smith v. State*, 367 Ark. 611, 242 S.W.3d 253 (2006) (per curiam). Because it is clear that appellant cannot prevail on appeal, we dismiss the appeal, and Tolliver's motions for an extension to file his brief are moot.

On March 21, 2011, Tolliver pled guilty to multiple felony offenses and was sentenced as a habitual offender to 240 months' imprisonment.  On September 12, 2011, Tolliver filed a petition to correct an illegal sentence pursuant to Ark. Code Ann. § 16-90-111(Repl. 2011) and lodged an appeal from the denial of his petition.  We treated the petition as a claim for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure, and dismissed the appeal because the petition was filed 175 days after the judgment of conviction was entered, which was untimely. *Tolliver v. State*, 2012 Ark. 46 (per curiam).   In that opinion, we made it clear that time limitations imposed by Rule 37.2(c) are jurisdictional and if they are not met, the trial court lacks authority to grant relief. *Id*. at 3.

Three years after his first untimely petition for postconviction relief was dismissed by this court, Tolliver filed a pleading styled "motion for belated Rule 37.1" on September 25, 2015, and alleged that his guilty plea was the result of ineffective assistance of counsel because counsel erroneously advised that Tolliver would be eligible for parole after serving five years of his twenty-year sentence.  According to Tolliver, his plea was not intelligently made because it was based on misinformation provided by his ineffective counsel.  Tolliver further contended that he was entitled to relief despite his failure to comply with the time limits imposed by Rule 37.2 based on recent United States Supreme Court decisions in *Martinez v. Ryan*, 566 U.S. __, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 569 U.S. __, 133 S. Ct. 1911 (2013).   Tolliver asserted that the holdings in these two United States Supreme Court decisions mandate review of claims that have been procedurally defaulted.

Tolliver's reliance on *Martinez* and *Trevino* as a means to disregard the requirements of the Arkansas Rules of Criminal Procedure is misplaced.

The *Martinez* Court held that, when state law requires a prisoner to use a collateral attack rather than a direct appeal to raise an ineffective-assistance-of-counsel claim, the prisoner's failure to comply with state rules in bringing his collateral attack on the judgment will no longer bar a federal judge from granting habeas relief on that claim, if the prisoner had no attorney to represent him in the collateral proceeding or his attorney was ineffective and if the petition filed in the state court had a meritorious claim. *Martinez*, 566 U.S. __, 132 S. Ct. at 1318-19; *See Abernathy v. State*, 2015 Ark. 126, at 2-3, 458 S.W.3d at 242 (per curiam). In *Trevino*, the Court extended its holding in *Martinez* to cases in which a state's procedural framework make it unlikely that a defendant would have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal. *Trevino*, 566 U.S. __, 133 S. Ct. at 1919–20; *Abernathy*, 2015 Ark. 126, 2-3, 458 S.W.3d at 242. Neither the ruling in *Martinez* nor the ruling in *Trevino* precluded states from placing requirements or limits on state postconviction relief. *Abernathy*, 2015 Ark. 126, at 3-4, 458 S.W.3d at 243. This court has held that such requirements and other limitations on postconviction relief do not violate the right to due process. *Id.* Contrary to Tolliver's contention, the rulings in *Martinez* and *Trevino* did not provide a basis for state courts to excuse petitioners from compliance with these state procedural rules. Rather, these cases recognized a basis for federal courts to excuse a procedural default when reviewing a petition for habeas corpus that has been filed in federal court. *See Trevino*, 566 U.S. at__, 132 S. Ct. at 1320 (a procedural default will not bar a federal habeas court from hearing a substantial

claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective).

To the extent that Tolliver was alleging that the State's failure to provide postconviction counsel excused his failure to file a timely postconviction petition, he is mistaken. While *Trevino* clarified aspects of *Martinez*, it did not require states to make provision for every petitioner in a collateral attack on a judgment to have counsel. *Stalnaker v. State*, 2015 Ark. 250, at 9–10, 464 S.W.3d 466, 472 (per curiam). Postconviction matters are considered civil in nature, and there is no absolute right to counsel. *Id.*

We dismiss the appeal because the trial court correctly determined that the petition was not timely filed. Pursuant to Arkansas Rule of Criminal Procedure 37.2(c)(i) (2015) if a conviction was obtained by a plea of guilty a petition claiming relief must be filed within ninety days of the date of entry of judgment. As the petition was not timely filed, the circuit court did not have the authority to grant the relief sought. *Sanders v. State*, 2015 Ark. 249, at 1-2 (per curiam). There are no provisions in the prevailing rules of procedure that permit a petitioner to file his petition outside the time limits set by Rule 37.2(c) of the Arkansas Rules of Criminal Procedure, and the United States Supreme Court's holdings in *Martinez* and *Trevino* did not create an excuse for failing to file a postconviction petition within those time limits.

Appeal dismissed. Motions moot.