SLIP OPINION

# SUPREME COURT OF ARKANSAS.
No. CR–16–700

| | | |
|---|---|---|
| DAVID LEE FELTY | | **Opinion Delivered** January 5, 2017 |
| | APPELLANT | |
| V. | | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT AND PRO SE PETITION FOR WRIT OF CERTIORARI [NO. 26CR-12-490] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE MARCIA R. HEARNSBERGER, JUDGE |
| | | <u>AFFIRMED; PETITION MOOT</u>. |

**PER CURIAM**

In 2015, appellant David Felty was found guilty of capital felony murder and sentenced as a habitual offender to life imprisonment without parole. We affirmed. *Felty v. State*, 2016 Ark.65, 482 S.W.3d 715.

On May 5, 2016, Felty timely filed in the trial court a verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2015). Felty's petition did not comply with the requirements of Rule 37.1(b), which provides that a petition under Rule 37 must meet certain procedural requirements, including limits on the width of margins, the number of lines per page, and the number of words per line. Because the petition did not comply with the Rule, the trial court dismissed it. Felty, proceeding pro se, brings this appeal from the order. He has also filed a petition for writ of certiorari to supplement the record on appeal with a copy of the motion to be relieved as counsel that his trial attorney filed in the trial court after the trial was completed but before the notice of

SLIP OPINION

appeal was filed by another attorney. It is Felty's desire that the motion, once received from the circuit clerk, be added as an exhibit to the brief that he has filed in this appeal.

The order dismissing the Rule 37.1 petition is affirmed because it is clear from the record that the trial court did not err in dismissing the petition. The affirmance of the order renders the petition for writ of certiorari moot.

Our standard of review in Rule 37.1 proceedings is that, on appeal from a trial court's ruling on a petitioner's request for Rule 37.1 relief, this court will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Beavers v. State*, 2016 Ark. 277, 495 S.W.3d 76. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.* Felty raises a number of issues in his brief to excuse his failure to comply with the Rule, but none of the claims establishes that the trial court's decision was clearly erroneous.

The failure to comply with Rule 37.1(b) is not a jurisdictional defect, and the trial court may rule on a petition that does not conform to the Rule, but the court is not required to do so. *Randle v. State*, 2016 Ark. 228, at 5, 493 S.W.3d 309, 310 (per curiam). When a petitioner timely files his verified petition that does not comply with Rule 37.1(b), the trial court has the discretion to act on the merits of the petition, dismiss it without prejudice to filing a petition that conforms to Rule 37.1(b), or dismiss the petition. *Smith v. State*, 2015 Ark. 23, at 2, 454 S.W.3d 219, 220–21 (per curiam). Although there is no constitutional right to a postconviction proceeding, when a state undertakes to provide collateral relief, due process requires only that the proceeding be fundamentally fair. *Davis v. State*, 2010

Ark. 366 (per curiam). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Id.* Due process does not require courts to provide an unlimited opportunity to present postconviction claims. *Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910 (per curiam); *Maulding v. State*, 299 Ark. 570, 776 S.W.2d 339 (1989) (per curiam). This court has held that certain procedural requirements or other limitations on postconviction relief do not violate the right to due process. *See Croft v. State*, 2010 Ark. 83 (per curiam) (a petition under the Rule not verified in accordance with Rule 37.1(c) is subject to dismissal); *Robinson v. State*, 295 Ark. 693, 751 S.W.2d 335 (1988) (per curiam) (requiring a petition for postconviction relief to meet certain threshold requirements is fundamentally fair). Placing certain limitations on the length and form of petitions under the Rule has been held to be an entirely reasonable restriction on petitioners seeking postconviction relief. *See Smith*, 2015 Ark. 23, at 3-4, 454 S.W.3d 219, 221; *Davis*, 2010 Ark. 366.

Felty argues that the circumstances of his incarceration prevented him from complying with Rule 37.1(b). This court, while recognizing that persons who are incarcerated may face certain obstacles in pursuing access to the courts, may take judicial notice that appeals from postconviction orders are frequently lodged in this court by incarcerated persons who have filed petitions that conform to Rule 37.1(b). The fact that those conforming petitions are filed by petitioners who also may be assumed to confront certain hurdles occasioned by their incarceration suggests that Rule 37.1(b) is not unduly burdensome. *See Smith*, 2015 Ark. 23, at 3, 454 S.W.3d 219, 221.

Felty also contends that his lack of counsel to assist him in the Rule 37.1 proceeding hindered his ability to file a conforming petition. He cites *Martinez v. Ryan*, 566 U.S. 1 (2012), as authority for the proposition that any defect should be excused. While this court is not unmindful of the holdings by the United States Supreme Court in *Martinez v. Ryan*, 566 U.S. 1 (2012), but we have specifically noted that *Martinez* does not require this court to forgo procedural rules that serve to streamline the process by which petitioners present claims for postconviction relief to the trial courts. *Smith*, 2015 Ark. 23, at 4-5, 454 S.W.3d 219, 222. This is because the prompt and orderly disposition of petitions for postconviction relief requires standards to control the content, length and form of the petitions, and the number of such petitions that each petitioner is permitted to file. *See Maulding*, 299 Ark. 570, 776 S.W.2d 339.

Affirmed; petition moot.

*David Lee Felty*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee