Cite as 2021 Ark. App. 235

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-20-658

| | | |
|---|---|---|
| KWASI MCKINNEY | | **Opinion Delivered** May 12, 2021 |
| | APPELLANT | APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT [NO. 14CR-16-35] |
| V. | | |
| | | HONORABLE DAVID W. TALLEY, JR., JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Kwasi McKinney appeals the order entered by the Columbia County Circuit Court dismissing his Rule 37 petition for postconviction relief. On appeal, McKinney argues that the circuit court erred in (1) finding that it lacked jurisdiction because McKinney's petition failed to comply with Arkansas Rule of Criminal Procedure Rule 37.2(c)(ii) and was untimely, (2) finding that his petition was not in compliance with the requirements of Rule 37.1(b), and (3) failing to hold a hearing on the merits of his Rule 37 petition. We affirm.

On December 8, 2016, the circuit court entered a sentencing order that convicted McKinney of six felony offenses and sentenced him to 154 years' imprisonment. *McKinney v. State*, 2018 Ark. App. 10, at 1–2, 538 S.W.3d 216, 218–19 (*McKinney I*). McKinney appealed the December 2016 sentencing order, and on January 10, 2018, this court affirmed two of his convictions but reversed and remanded four of his convictions, directing the circuit court on

remand to rule on the merits of McKinney's motion to suppress search and to conduct a hearing and rule on McKinney's motion to suppress statement. *Id.* at 9–10, 538 S.W.3d at 222–23. We held, "If the circuit court determines that [McKinney's motions to suppress] lack merit, a new trial will not be required, and these convictions will be affirmed." *Id.* at 10, 538 S.W.3d at 223. The mandate announcing the January 10, 2018 opinion was issued on January 30.

On remand, the circuit court held a suppression hearing as directed. Thereafter, on April 25, 2018, the court entered three orders: an order denying McKinney's motion to suppress statement, an order denying his motion to suppress search, and an order denying his oral pro se motion to recuse the circuit court from the suppression hearing. *McKinney v. State*, 2019 Ark. App. 347, at 3, 583 S.W.3d 399, 401 (*McKinney II*). McKinney appealed, and in an August 28, 2019 opinion, this court affirmed all three orders. *Id.* at 7, 583 S.W.3d at 403. A second mandate was issued on October 17, 2019.

On December 12, McKinney filed a pro se Rule 37 petition for postconviction relief wherein he raised fourteen claims. On July 22, 2020, the circuit court issued an order dismissing the petition finding that it was untimely pursuant to Rule 37.2(c)(ii) and failed to conform to the requirements set forth in Rule 37.1(b). This appeal followed.

On appeal from a circuit court's ruling on a petitioner's request for Rule 37 relief, this court will not reverse the circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Nutt v. State*, 2020 Ark. App. 137, at 2–3, 594 S.W.3d 907, 909. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* at 3, 594 S.W.3d at 909–10.

McKinney's first argument on appeal is that the circuit court erred in dismissing his petition for lack of jurisdiction because his petition failed to comply with Arkansas Rule of Criminal Procedure 37.2(c)(ii) and was untimely. Rule 37.2(c)(ii) provides: "If an appeal was taken of the judgment of conviction, a petition claiming relief under this rule must be filed in the circuit court within sixty (60) days of the date the mandate is issued by the appellate court." Ark. R. Crim. P. 37.2(c)(ii) (2020). The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and the circuit court may not grant relief on an untimely petition. *Reed v. State*, 317 Ark. 286, 288, 878 S.W.2d 376, 377 (1994).

The circuit court made three findings in support of its conclusion that it lacked jurisdiction over McKinney's Rule 37 petition. One of these findings was that the petition was untimely because it was not filed within sixty days of the entry of the three April 25, 2018 orders following remand. In reaching this conclusion, the circuit court referred to the language in *McKinney I* wherein we stated that the four convictions that had been reversed and remanded for a limited-purpose suppression hearing would be affirmed if the circuit court entered orders denying the motions to suppress. When the court entered those orders on April 25, it concluded that McKinney was required to file his Rule 37 petition within sixty days of that date. However, McKinney timely appealed the April 25 orders, and Rule 37.2(c)(ii) is clear that if an appeal is taken of the judgment of conviction, the postconviction petition must be filed in the circuit court within sixty days of the date the mandate is issued by the appellate court. Ark. R. Crim. P. 37.2(c)(ii). Accordingly, the circuit court clearly erred in finding that McKinney's Rule 37 petition was untimely because it was not filed within sixty days of the circuit court's April 25, 2018 orders.

The circuit court's second jurisdictional finding was that McKinney's petition was untimely because it was not filed within sixty days of the second mandate, which the court found was issued on August 28, 2019. However, August 28, 2019, is the date this court handed down its decision in *McKinney II*, not the date of the second mandate in *McKinney II*. Under Arkansas Supreme Court Rule 5-3, the appellate mandate is not issued until the decision becomes final, which, in the case of a decision from this court, is when the time for filing a petition for rehearing or review has expired or, in the event of the filing of such petition, until there has been a final disposition thereof.[1] Ark. Sup. Ct. R. 5-3(a) (2020). Therefore, the court clearly erred in finding that McKinney's Rule 37 petition was untimely because it was not filed within sixty days of August 28, 2019.

The circuit court's third jurisdictional finding was that McKinney's petition was untimely because it was not filed within sixty days of the first mandate issued in *McKinney I* on January 30, 2018. The first mandate announced this court's decision to affirm two of McKinney's convictions, and it is undisputed that McKinney's December 12, 2019 petition was not filed within sixty days of the first mandate. Therefore, pursuant to Rule 37.2(c)(ii), we hold that the circuit court did not clearly err in finding that McKinney's Rule 37 petition—relating to the two convictions that were affirmed in the first mandate—was untimely and that the court did not have jurisdiction over any Rule 37 claims relating to those two convictions.

McKinney argues that he was not required to file a Rule 37 petition within sixty days of the first mandate because this court retained jurisdiction over the appeal after it was

---

[1]McKinney filed a petition for review from this court's decision in *McKinney II*, and the Arkansas Supreme Court entered an order on October 17, 2019, denying the petition. That same day, the clerk issued the mandate in *McKinney II*.

reversed and remanded in *McKinney I*. For support, he cites Arkansas Rule of Criminal Procedure 37.2(a), which states: "If the conviction in the original case was appealed to the Supreme Court or Court of Appeals, then no proceedings under this rule shall be entertained by the circuit court while the appeal is pending." Ark. R. Crim. P. 37.2(a) (2020). This rule does not support McKinney's argument. After the first mandate in *McKinney I* was issued, the appeal was no longer pending in this court. Two of the convictions were affirmed and four were reversed and remanded to the circuit court.

McKinney also cites Rule 37.2(c)(iv) in support of his argument that he did not have to file his Rule 37 petition when the first mandate was issued. Rule 37.2(c)(iv) provides: "If the appellate court affirms the conviction but reverses the sentence, the petition must be filed as provided in subsection (ii) within sixty (60) days of a mandate following an appeal taken after resentencing." Ark. R. Crim. P. 37.2(c)(iv) (2020). This rule does not support McKinney's argument either. Although this court affirmed two of McKinney's convictions, we did not reverse the sentences related to those convictions. Two convictions and sentences were affirmed in *McKinney I*, triggering the sixty days from the *McKinney I* mandate to pursue Rule 37 relief from those convictions.

Regarding the remaining four convictions that were reversed in the first mandate in *McKinney I*, the circuit court held a limited-remand proceeding and entered orders on April 25 denying McKinney's motions to suppress and to recuse. McKinney appealed the April 25 orders, and they were later affirmed by this court in an August 28, 2019 opinion and announced in the second mandate issued on October 17, 2019. Because McKinney's December 12, 2019 Rule 37 petition was filed within sixty days of the issuance of the second

mandate, it was in compliance with Rule 37.2(c)(ii). Therefore, with respect to any postconviction claims related to the four convictions affirmed in the second mandate, his petition was timely filed, and the circuit court clearly erred in finding that it had no jurisdiction over them and dismissing them.[2] This error, however, does not require reversal because the circuit court also dismissed McKinney's Rule 37 petition for failing to file a conforming brief as required by Rule 37.1(b).

Rule 37.1(b) states:

> The petition shall state in concise, nonrepetitive, factually specific language, the grounds upon which it is based. The petition, whether handwritten or typed, shall be clearly legible, and shall not exceed ten pages of thirty lines per page and fifteen words per line, with left and right margins of at least one and one-half inches and upper and lower margins of at least two inches. The circuit court or appellate court may dismiss any petition that fails to comply with this subsection.

Ark. R. Crim. P. 37.1(b) (2020). The circuit court found that McKinney's petition has (1) five pages that contain thirty-one lines, (2) left and right margins that are one and one-eighth inches or less, (3) top margins that are one and one-fourth inches or less, and (4) bottom margins that are less than two inches.

McKinney concedes that his petition violates Rule 37.1(b), but he explains that he is in prison and that he has access to the law library just once a week. He states that he submitted his handwritten petition to the law library for typing with specific instructions and that when it was returned to him it was not in compliance with Rule 37.1(b). He further states that he made the corrections to the petition and resubmitted it to the law library for typing twenty-

---

[2]We recognize that our holdings on the jurisdictional issue require McKinney to have filed a Rule 37 petition for two of his convictions within sixty days of the first mandate and a second Rule 37 petition for the remaining four convictions within sixty days of the second mandate. This result is consistent with Rule 37.2(c).

four days before the filing deadline. However, fourteen days later, the library supervisor returned the typed petition to him without corrections and advised that because of a typing backlog it would take thirty days to type the corrections to the petition. McKinney contends that he only had ten days to file the petition, and six of those days would be devoted to having it notarized and having it delivered. He states that he knew he could not have the petition retyped to conform with Rule 37.1(b) within the time he had left, so he "determined it was more important to meet the jurisdictional deadline for filing and hoped that since the format was not jurisdictional, the [circuit] court would exercise its discretion and rule on the timely filed postconviction petition." He contends that it is clear that he made every conceivable effort to comply with the rule and that, despite his efforts, he was forced to make a choice: "be on time and a little out of conformity or not file a postconviction petition at all." He chose the former. He claims that under these circumstances, the circuit court should have ignored the defects and ruled on his petition and that the court clearly erred in dismissing his Rule 37 petition for failure to comply with Rule 37.1(b).

Our supreme court has stated that the failure to comply with Rule 37.1(b) is not a jurisdictional defect, and the circuit court may rule on a petition that does not conform to the rule, but the court is not required to do so. *Felty v. State*, 2017 Ark. 1, at 2, 508 S.W.3d 26, 27 (citing *Randle v. State*, 2016 Ark. 228, at 5, 493 S.W.3d 309, 310 (per curiam)). When a petitioner timely files his verified petition that does not comply with Rule 37.1(b), the circuit court has the discretion to act on the merits of the petition, dismiss it without prejudice to filing a petition that conforms to Rule 37.1(b), or dismiss the petition. *Id.*, 508 S.W.3d at 27–28 (citing *Smith v. State*, 2015 Ark. 23, at 2, 454 S.W.3d 219, 220–21 (per curiam)). Although there is no

constitutional right to a postconviction proceeding, when a state undertakes to provide collateral relief, due process requires only that the proceeding be fundamentally fair. *Id.* at 2–3, 508 S.W.3d at 28 (citing *Davis v. State*, 2010 Ark. 366 (per curiam)). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Id.* at 3, 508 S.W.3d at 28. Due process does not require courts to provide an unlimited opportunity to present postconviction claims. *Id.*, 508 S.W.3d at 28. Our supreme court has held that certain procedural requirements or other limitations on postconviction relief do not violate the right to due process. *Id.*, 508 S.W.3d at 28. Placing certain limitations on the length and form of petitions under the rule has been held to be an entirely reasonable restriction on petitioners seeking postconviction relief. *Id.*, 508 S.W.3d at 28 (citing *Smith*, 2015 Ark. 23, at 3–4, 454 S.W.3d at 221; *Davis*, 2010 Ark. 366).

Like McKinney, the appellant in *Felty*, who filed a twenty-two-page Rule 37 petition, argued that the circumstances of his incarceration prevented him from complying with Rule 37.1(b). Our supreme court recognized that persons who are incarcerated may face certain obstacles in pursuing access to the courts; however, the court took judicial notice that appeals from postconviction orders are frequently lodged in the appellate court by incarcerated persons who have filed petitions that conform to Rule 37.1(b). *Id.* at 4, 508 S.W.3d at 28. The court held that the fact that those conforming petitions are filed by petitioners who also may be assumed to confront certain hurdles occasioned by their incarceration suggested that Rule 37.1(b) is not unduly burdensome. *Id.*, 508 S.W.3d at 28 (citing *Smith*, 2015 Ark. 23, at 3, 454 S.W.3d at 221). Accordingly, the court affirmed the circuit court's order dismissing the Rule 37 petition for failure to comply with Rule 37.1(b). *Id.*, 508 S.W.3d at 28.

In the instant case, McKinney acknowledges that his Rule 37 petition was in violation of Rule 37.1(b) when he filed it. He also admits that he learned that his petition would not be typed with corrections ten days before it was due. The rule allows for handwritten petitions, and the record reflects that McKinney has experience in filing his own handwritten pro se petitions. Nevertheless, he knowingly elected to file a noncompliant petition. Under the facts of this case, we hold that the circuit court did not clearly err in finding that McKinney's postconviction petition failed to comply with Rule 37.1(b), and we further hold that the court did not abuse its discretion in dismissing the petition.

For McKinney's final point on appeal, he argues that the circuit court erred in failing to hold a hearing on his Rule 37 petition. In light of our holding affirming the circuit court's dismissal of McKinney's Rule 37 petition, we do not reach the merits of this final point.

Affirmed.

KLAPPENBACH and WHITEAKER, JJ., agree.

*Kwasi McKinney*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.