Cite as 2021 Ark. App. 246

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-20-644

| | |
|---|---|
| CRAYTONIA BADGER | **Opinion Delivered:** May 19, 2021 |
| APPELLANT | APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT [NO. 14CR-16-7] |
| V. | |
| STATE OF ARKANSAS | HONORABLE DAVID W. TALLEY, JR., JUDGE |
| APPELLEE | |
| | AFFIRMED |

## BART F. VIRDEN, Judge

A Columbia County jury convicted appellant Craytonia Badger of third-degree escape, first-degree criminal mischief, and breaking or entering. He was sentenced as a habitual offender to an aggregate term of sixty years' imprisonment. We affirmed his convictions on direct appeal in *Badger v. State*, 2019 Ark. App. 490, 588 S.W.3d 779. Badger then filed a pro se petition for postconviction relief pursuant to Ark. R. Crim. P. 37, which the trial court denied and dismissed without a hearing. On appeal, Badger argues that the trial court erred by (1) denying his pro se petition, (2) denying his petition without a hearing or failing to make findings, and (3) denying a motion to amend the petition. We affirm.

### I. *Background*

On January 6, 2020, Badger filed a pro se Rule 37 petition alleging as ground one "actual innocent." He maintained that the State had violated the *Brady* rule by withholding

evidence of offender log reports from the jail showing that he was, in fact, in his jail cell at the time he was alleged to have gone missing and therefore had not escaped. He also argued that trial counsel was ineffective for failing to thoroughly investigate his case.

On January 8, 2020, Badger filed a pro se "supplement" to his petition wherein he repeated ground one and added grounds two through four. On January 15, Badger filed a pro se motion to amend in which he added grounds five through nine. On January 30, Badger filed a pro se motion to amend in which he identified and attached documents to support his petitions totaling seventy-six pages. The trial court scheduled a hearing for March 31, 2020, but the hearing was ultimately canceled due to COVID-19 concerns. Badger subsequently retained counsel who, on June 18, filed a motion for leave to both amend and enlarge the original petition.

On July 14, 2020, the trial court both denied and dismissed Badger's January 6 pro se petition for relief. The trial court also denied counsel's June 18 motion to amend and enlarge the petition, making separate findings as to each request. Badger then filed motions for reconsideration of the denial of an evidentiary hearing and the denial of counsel's motion, specifically, to amend but not to enlarge. The trial court denied both motions to reconsider. Badger filed a timely notice of appeal from these orders. We will address Badger's points in a different order than they are presented.

II. *Discussion*

A. Pro Se Rule 37 Petition

Arkansas Rule of Criminal Procedure 37.1(b) provides that a postconviction petition shall, among other requirements, have "left and right margins of at least one and one-half

inches and upper and lower margins of at least two inches." The rule further provides that the trial court or appellate court may dismiss any petition that fails to comply with this subsection. In its order on Badger's pro se petition, the trial court found that

> [t]he Petition does not comply with Rule 37.1(b) of the Arkansas Rules of Criminal Procedure. All of the left and right margins are less than one (1) inch. All of the top margins are less than one (1) inch. All of the bottom margins, except one, are less than one inch, and that one exception is less than 1.5 inches. For this reason, the Petition should be dismissed.

The trial court also reviewed the merits of the petition "[s]hould it be determined the deficiencies with Rule 37.1(b) should be overlooked" and denied the petition on its merits. We find no error in the trial court's dismissal based on the margin deficiencies.[1]

The appellate courts do not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. *Luper v. State*, 2016 Ark. 371, 501 S.W.3d 812. When a petitioner timely files a verified petition that does not comply with the procedural requirements of a petition for postconviction relief, the trial court has the discretion to act on the merits of the petition, dismiss it without prejudice to filing a petition that conforms to the requirements, or dismiss the petition. *Felty v. State*, 2017 Ark. 1, 508 S.W.3d 26. Placing certain limitations on the length and form of petitions under the rule has been held to be an entirely reasonable restriction on petitioners seeking postconviction relief. *Smith v.*

---

[1]While Badger challenges the trial court's denial of his petition on the merits, he does not address the trial court's dismissal based on his failure to comply with the rule as to the margin requirements, other than to say that he would have complied if the trial court had permitted him to amend his petition. *See Pugh v. State*, 351 Ark. 5, 89 S.W.3d 909 (2002) (when trial court expressly bases its decision on two independent grounds and appellant challenges only one on appeal, this court may affirm without addressing either) (citing *Pearrow v. Feagin*, 300 Ark. 274, 778 S.W.2d 941 (1989)).

*State*, 2015 Ark. 23, 454 S.W.3d 219. The trial court did not clearly err in determining that the margins do not comply with the rule, and we cannot say that the trial court abused its discretion in choosing to dismiss the petition on this basis.

### B. Motion for Leave to Amend

"Before the court acts upon a petition filed under this rule, the petition may be amended with leave of the court." Ark. R. Crim. P. 37.2(e). Our standard of review as to the denial of leave to amend is abuse of discretion; we determine whether the trial court's decision was arbitrary or groundless. *Adams v. State*, 2013 Ark. 174, 427 S.W.3d 63.

On June 18, 2020, after he had retained counsel, Badger filed a motion for leave to file an amended and enlarged petition "so that counsel may revise the original pro se petition in order to clarify and support his arguments, as well as to add additional claims." The trial court denied the motion to enlarge the petition, stating that Badger had not provided "any legitimate ground or justification" for enlargement, citing *Rowbottom v. State*, 341 Ark. 33, 13 S.W.3d 904 (2000). In a separate finding, the trial court extended that reasoning to its denial of Badger's motion to amend the petition.

In *Butler v. State*, 367 Ark. 318, 239 S.W.3d 514 (2006), Butler had filed a pro se petition, and once he retained private counsel, counsel moved to substitute a new petition for the pro se petition. The trial court denied counsel's motion due, in part, to Butler's failure to provide a legitimate ground or justification for the amendment. The supreme court reversed and remanded the denial and held that, unlike *Rowbottom*'s requirements for filing an overlength petition, Rule 37.2(e) does not contain the same prerequisite that a petitioner provide a legitimate ground or justification to amend a petition; rather, it requires

4

only that a petitioner file the motion for leave to amend before the trial court acts on the original petition.

In a motion for reconsideration of the trial court's denial of his motion to amend, Badger informed the trial court that he was not required to provide a legitimate ground or justification to amend a petition and quoted *Butler*. Badger said in the motion to reconsider that he "seeks to amend [his] original pro se petition for the very reasons specified in this Court's order denying that petition: to bring the petition in accordance with the strict dictates of Rule 37 and develop Badger's claims in a cognizable, more thorough manner."

Badger argues that the posture of his case mirrors *Butler*. The case at bar, however, is distinguishable in that Badger's counsel filed a motion for reconsideration as to the request for leave to amend in which he pointed out the holding in *Butler*. On reconsideration, the trial court denied the motion without finding that Badger had failed to provide a legitimate ground or justification for amending the petition.

Although the trial court initially erred when it denied Badger's motion for leave to amend, there is no indication that it similarly erred in denying the motion to reconsider given that the trial court did not again require a legitimate ground or justification. The trial court was not required to permit Badger to submit another petition to, among other things, cure the margin deficiencies apparent in Badger's original petition. The rule neither requires that a dismissal based on procedural deficiencies be without prejudice nor references any guaranteed opportunity to cure such deficiencies. We cannot say that the trial court abused its discretion in denying counsel's motion to amend the petition upon reconsideration.

5

## C. Hearing and Findings

While we affirm the dismissal of Badger's petition based on the margin deficiencies, obviating the need for an *evidentiary* hearing, we briefly discuss Badger's argument on this point. Rule 37.3(a) of the Arkansas Rules of Criminal Procedure provides that "[i]f the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." If the trial court does not dispose of a petition pursuant to subsection (a), the trial court shall grant a hearing. Ark. R. Crim. P. 37.3(c). In its order denying and dismissing Badger's pro se petition, the trial court noted that it had previously set a hearing on the petition, which was canceled because of COVID-19 concerns. The trial court also said that, "[u]pon subsequent review" of the petition, Badger was not entitled to relief. Badger filed a motion to reconsider the denial of an evidentiary hearing, which was denied.

Badger argues that, because the trial court initially scheduled a hearing, the trial court necessarily found that there was a factual issue in dispute entitling him to a hearing. Alternatively, Badger contends that the trial court erred in failing to specify the portions of the record that supported its conclusion that introduction of the offender log reports would not have resulted in a reasonable probability of a different outcome.

This court has previously interpreted Rule 37.3 to provide that "an *evidentiary hearing should be held* in a postconviction proceeding *unless* the files and record of the case conclusively show that the prisoner is entitled to no relief." *Wooten v. State*, 338 Ark. 691, 694, 1 S.W.3d 8, 10 (1999) (emphasis added) (quoting *Bohanan v. State*, 327 Ark. 507, 510,

939 S.W.2d 832, 833 (1997) (*per curiam*)). It is undisputed that the trial court has discretion pursuant to Rule 37.3(a) to decide whether the files or records are sufficient to sustain the court's findings without a hearing. *Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003).

Courts may generally modify their rulings and decisions. *See, e.g.*, *Bradford v. State*, 351 Ark. 394, 401–02, 94 S.W.3d 904, 909 (2003) (holding that trial court "was well within its authority" to modify sentence pronounced in open court prior to entry of judgment); *Gray v. State*, 2020 Ark. App. 553 (rejecting assertion that law-of-the-case doctrine prevented this court from reconsidering its earlier decision on a motion within the same appeal). Badger cites no authority for the proposition that the trial court is bound by its initial assessment that a hearing is warranted, that it may not cancel a scheduled hearing after further review of a petition, and that a global pandemic cannot factor into its decision to cancel a hearing that it determines is not necessary. Given the general rule, we will not consider Badger's contention because counsel presents no citation to authority or convincing argument. *Greer v. State*, 2012 Ark. 158.

As for findings, the trial court made the required findings regarding its denial on the merits. The trial court also made findings, as set forth above, addressing Badger's failure to comply with the rule's margin requirements and citing that part of the record—the petition itself—that conclusively shows that Badger was not entitled to relief.

Affirmed.

MURPHY and BROWN, JJ., agree.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.

7