Cite as 2022 Ark. App. 109

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-21-266

|  |  |  |
|---|---|---|
| GRANVILLE MURPHY | | Opinion Delivered March 2, 2022 |
| | APPELLANT | APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, CHICKASAWBA DISTRICT [NO. 47BCR-19-67] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CINDY THYER, JUDGE |
| | APPELLEE | AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellant Granville Murphy appeals after the Mississippi County Circuit Court entered an order dismissing his petition for postconviction relief filed pursuant to Arkansas Rule of Criminal Procedure 37. The circuit court dismissed Murphy's petition because the petition exceeded the ten-page limit prescribed by Rule 37.1(b).[1] We affirm.

Murphy was convicted by a jury of aggravated robbery with a sentence enhancement for using a firearm to commit the offense, and he was sentenced to twenty years in prison. Murphy appealed from his conviction, arguing that there was insufficient evidence to

---

[1]The circuit court also found that Murphy's petition did not comply with Rule 37.1(b) because it was lacking in specificity. Because we affirm the dismissal on the basis of the circuit court's finding that the petition was overlength, we need not address this alternate ground for dismissal.

support the verdict, that the circuit court erred in admitting evidence of his gang affiliation, and that the circuit court erred in refusing to give the "mere presence" jury instruction. We affirmed his conviction on direct appeal. *See Murphy v. State*, 2020 Ark. App. 529.

Murphy subsequently filed in the circuit court a pro se petition for postconviction relief under Rule 37, claiming ineffective assistance of counsel and asking for a new trial. In his petition, Murphy claimed that both his trial counsel and appellate counsel were deficient in various respects, and he requested a hearing on his petition. However, Murphy's Rule 37 petition was twenty pages in length.

Under Arkansas Rule of Criminal Procedure 37.1(b), petitions for postconviction relief shall not exceed ten pages in length. Rule 37.1(b) provides:

> The petition shall state in concise, nonrepetitive, factually specific language, the grounds upon which it is based. The petition, whether handwritten or typed, shall be clearly legible, and *shall not exceed ten pages* of thirty lines per page and fifteen words per line, with left and right margins of at least one and one-half inches and upper and lower margins of at least two inches. *The circuit court or appellate court may dismiss any petition that fails to comply with this subsection.*

Ark. R. Crim. P. 37.1(b) (emphasis added). The circuit court dismissed Murphy's petition because it was twenty pages in length, thus failing to comply with Rule 37.1(b).

On appeal from the dismissal of his Rule 37 petition, Murphy argues that the circuit court abused its discretion in not considering the merits of his petition. Murphy notes that Rule 37.1(b) is discretionary and provides only that the court *may* dismiss a petition that fails

to comply with this subsection.[2] Murphy states that he should have been afforded an evidentiary hearing and claims that the ineffectiveness of his trial and appellate counsels entitles him to a new trial.

The failure to comply with Rule 37.1(b) is not a jurisdictional defect, and the circuit court may rule on a petition that does not conform to the Rule, but the court is not required to do so. *Felty v. State*, 2017 Ark. 1, 508 S.W.3d 26 (per curiam). When a petitioner timely files a verified petition that does not comply with Rule 37.1(b), the circuit court has the discretion to act on the merits of the petition, dismiss it without prejudice to filing a petition that conforms to Rule 37.1(b), or dismiss the petition. *Smith v. State*, 2015 Ark. 23, 454 S.W.3d 219 (per curiam). Although there is no constitutional right to a postconviction proceeding, when a state undertakes to provide collateral relief, due process requires only that the proceeding be fundamentally fair. *Davis v. State*, 2010 Ark. 366 (per curiam). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Id.* Due process does not require courts to provide an unlimited opportunity to present postconviction claims or prevent a court from establishing limits on the number of pages in a petition. *Washington v. State*, 308 Ark. 322, 823 S.W.2d 900 (1992). The supreme court has held that the rule limiting petitions to ten pages is an

---

[2]Murphy suggests in his brief that the circuit court did not take into account the "liberal construing" of pro se litigants. The supreme court, however, has consistently held that pro se litigants are held to the same standards as attorneys. *See Smith v. Norris*, 2009 Ark. 198; *Eliott v. State*, 342 Ark. 237, 27 S.W.3d 432 (2000). And this includes a pro se litigant's compliance with Rule 37.1(b) in postconviction proceedings. *See Felty v. State*, 2017 Ark. 1, 508 S.W.3d 26 (per curiam).

entirely reasonable restriction on petitioners seeking postconviction relief. *Adams v. State*, 2013 Ark. 174, 427 S.W.3d 63.

A petitioner under Rule 37.1 may demonstrate that he cannot adequately present his claims to the court in only ten pages and may request to file a petition longer than ten pages, but the overlength petition may be filed only with the permission of the circuit court. *Murry v. State*, 2011 Ark. 343 (per curiam). If a petitioner does not receive permission to file an overlength petition, the petitioner is obliged to proceed in accordance with our rules. *Id.* If the petitioner chooses not to do so, the petitioner must bear the consequences of his decision to submit an overlength petition. *Id.* When the circuit court dismisses a petition for its overlength, we review that decision for an abuse of discretion. *Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003).

In the present case, Murphy chose to file a twenty-page petition; therefore, he must bear the consequences of that decision. *See Murry*, *supra*. Rule 37.1(b) clearly allows a circuit court to dismiss an overlength petition, stating, "The circuit court or appellate court may dismiss any petition that fails to comply with this subsection." Accordingly, we hold that the circuit court did not abuse its discretion in dismissing Murphy's overlength petition.

Affirmed.

WHITEAKER and MURPHY, JJ., agree.

*Granville Murphy*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.